UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are three motions filed by Defendant Martin Lindstedt ("Defendant"): Motion for Extension of Time to Answer Plaintiff's Complaint ("Motion for Extension") (ECF No. 8), Motion to Consolidate Four Related Cases from the Lake County Court ("First Motion to Consolidate") (ECF No. 9), and Renewed Motion to Consolidate Four Related Cases from the Lake County Court ("Second Motion to Consolidate") (ECF No. 14). Also before the court are several motions filed by Plaintiff Bryan Reo ("Plaintiff"): Motion to Strike Defendant's Proposed Notice of Removal ("First Motion to Strike") (ECF No. 11), Motion to Strike Defendant's Filings ("Second Motion to Strike") (ECF No. 12), and Motion to Strike Defendant's Amended Answer and Counterclaims ("Third Motion to Strike") (ECF No. 16).

For the following reasons, the court grants Defendant's Motion for Extension; the court denies both of Defendant's Motions to Consolidate and therefore denies as moot Plaintiff's First Motion to Strike; the court grants in part and denies in part Plaintiff's Second Motion to Strike; and the court grants Plaintiff's Third Motion to Strike.

## I. BACKGROUND

Plaintiff sued Defendant in the Court of Common Pleas of Lake County on August 12, 2019. (Compl., ECF No. 1-1.) The Complaint asserts state law tort claims, including defamation per se, false light, and libel, for various statements Defendant allegedly published online. (*Id.* ¶¶ 7–24.) These statements include assertions that Plaintiff, a lawyer who resides in Lake County, Ohio, has engaged in unprofessional conduct, vexatious litigation, immoral behavior, and potentially corrupt and criminal actions. (*Id.*) Although Defendant resides in Missouri, Plaintiff asserts that Ohio courts have personal jurisdiction because Defendant published statements on the internet to the general public and, in some instances, traveled to Ohio to confront Plaintiff in person. (*Id.* ¶ 5.)

Defendant removed the case to this court on September 12, 2019. (ECF No. 1.) On September 26, 2019, after Defendant failed to file a timely Answer, Plaintiff applied for a default judgment. (ECF No. 7.) Four days later, Defendant filed a document labeled "A Quick Answer/Pleading" and also requested "additional time to make a more thorough amended answer." (Def.'s Answer & Mot. Extension, ECF No. 8.) Defendant later filed an Amended Answer with Counterclaims (ECF No. 15) on October 17, 2019.

Between his initial "Quick Answer" and the amended version, Defendant also filed two Motions to Consolidate with other actions pending in Lake County court.[1] (First Mot. Consolidate, ECF No. 9; Second Mot.Consolidate, ECF No. 14.) These other cases involve allegations against Defendant brought by Plaintiff's wife and father. Defendant also filed a request for permission to use the court's electronic filing system (ECF No. 4), which Plaintiff opposes. (Pl.'s Opp'n, ECF No. 10.)

---

[1] Defendant also filed a motion (ECF No. 13) that was unsigned and appears to be an incomplete draft of Defendant's Second Motion to Consolidate. The court construes Defendant's Second Motion to Consolidate as superceding and replacing the earlier incomplete draft. Accordingly, the unsigned motion (ECF No. 13) is denied as moot.

Plaintiff has filed three Motions to Strike. The First Motion asks the court to strike Defendant's "Proposed Notice of Removal" for the case brought by Plaintiff's wife because "Defendant has not filed a proper notice of removal, and the filing fee of $400 has not been paid, and no notice has been filed with Lake County Court of Common Pleas." (Pl.'s First Mot. Strike at 1, ECF No. 11.) Plaintiff's Second Motion asserts that the court should strike several filings because they are "scandalous, abusive, irrelevant, immaterial, legally insufficient, or otherwise" under Federal Rule of Civil Procedure 12(f). (Pl.'s Second Mot. Strike at 1, ECF No. 12.) Similarly, the Third Motion moves to strike Defendant's Amended Answer and Counterclaims as scandalous and abusive. (Pl.'s Third Mot. Strike at 1–3, ECF No. 16.)

## II. LAW AND ANALYSIS

**A.** **Removal**

Before addressing the merits of the parties' various motions, the court notes that it has jurisdiction over this matter. Removal from state court to federal court is proper for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "federal question" cases, which implicate questions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a).

Defendant properly removed the case to this court. (ECF No. 1.) While federal question jurisdiction is lacking because Plaintiff's well pleaded Complaint contains only state law tort claims, Defendant has correctly asserted diversity jurisdiction. (*See* Compl. ¶¶ 2–3, 24, ECF No. 1-1.) Notably, Plaintiff has not challenged Defendant's removal notice or this court's jurisdiction.

**B.     Defendant's Answer and Motion for Extension of Time**

While Defendant properly removed this action on September 12, 2019, he did not file a timely Answer. Pursuant to Federal Rule of Civil Procedure 81(c), Defendant had until September 19, 2019, to answer the Complaint. He failed to do so. Instead, on September 30, 2019, Defendant filed a document labeled "A Quick Answer/Pleading," in which he "denie[d] all damages and allegations" and asked the court to reject Plaintiff's application for default judgment. (Def.'s Answer & Mot. Extension at 2, ECF No. 8.) Defendant also requested "additional time to make a more thorough amended answer." (*Id.* at 1.) Defendant did not specify how much time he needed, but he eventually filed an Amended Answer (ECF No. 15) on October 17, 2019. The court hereby grants Defendant's Motion for Extension of Time to File an Amended Answer, which he has already filed.

**C.     Defendant's Motions to Consolidate**

Both of Defendant's Motions to Consolidate are without merit and must be denied. To the court's knowledge, the other cases Defendant wants to consolidate remain pending in the Court of Common Pleas of Lake County. The Federal Rules of Civil Procedure provide a process for removing a case to federal court. It is the same process Defendant used to remove the present action. If Defendant wants to combine the other cases into a single action before this court, he can do so only by first removing those cases, including paying the applicable fees, and then moving to consolidate them before this court once they are properly removed. The court would then consider whether consolidation is appropriate. Therefore, Defendant's Motions to Consolidate (ECF Nos. 9 and 14), which attempt to circumvent the Federal Rules of Civil Procedure, are hereby denied.

**D.     Plaintiff's Motions to Strike**

Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). Courts wield broad discretion when deciding such motions. *See Malibu Media, LLC v. Doe*, No. 1:14-CV-2293, 2015 WL 5730756, at \*2 (N.D. Ohio Sept. 29, 2015). However, motions to strike are generally disfavored because, given "the practical difficulty of deciding cases without a factual record[,] . . . [i]t is a drastic remedy to be resorted to only when required for the purposes of justice." *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). Thus, courts may choose to grant parties leave to amend their deficient pleadings rather than strike them. *Revolaze, LLC v. Target Corp.*, No. 1:17-CV-2417, 2018 WL 8838853, at \*1 (N.D. Ohio July 31, 2018). Nonetheless, courts retain "liberal discretion" to strike filings as they deem appropriate. *See In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 911 (N.D. Ohio 2009) (citation omitted).

Plaintiff's First Motion to Strike (ECF No. 11) is moot because it relates to Defendant's First Motion to Consolidate, which the court has already denied. Accordingly, the court denies as moot Plaintiff's First Motion to Strike.

Next, the court grants in part and denies in part Plaintiff's Second Motion to Strike (ECF No. 12). In the Second Motion, Plaintiff asks the court to strike all of Defendant's filings made on or before October 2, 2019, which includes Defendant's First Motion to Consolidate (ECF No. 9) and his combined "Quick Answer" and Motion for Extension (ECF No. 8). The court denies as moot Plaintiff's Motion insofar as it relates to Defendant's First Motion to Consolidate and Motion for Extension, since the court has already denied those Motions. Further, the court declines to strike Defendant's "Quick Answer" in its entirety. It is one of Defendant's most relevant and appropriate filings to date, and it responds to Plaintiff's arguments—albeit in cursory fashion—by "den[ying] all damages and allegations" made by Plaintiff. (Def.'s Answer & Mot. Extension at 2, ECF No. 8.) But the court grants Plaintiff's Second Motion to the extent it asks the court to strike Defendant's

assertion that he represents not only himself but also his Church of Jesus Christ Christian/Aryan Nations of Missouri. Ohio law forbids a non-lawyer like Defendant from representing a corporate entity. *See Disciplinary Counsel v. Givens*, 832 N.E.2d 1200, 1202 (Ohio 2005). Accordingly, the court strikes all suggestions that Defendant represents any person or entity other than himself.

Finally, the court grants Plaintiff's Third Motion to Strike (ECF No. 16). Defendant's Amended Answer and Counterclaims (ECF No. 15) consist of rambling, largely irrelevant arguments, which are rife with personal insults and racial slurs. Defendant seeks to join a number of parties: (1) Plaintiff's wife and father, Stefani Rossi Reo and Anthony Domenic Reo; (2) three individuals, Kyle Bristow, Brett Klimkowsky, and William Finck, who Defendant describes as Plaintiff's "provacateur" co-conspirators; (3) the Court of Common Pleas of Lake County and Lake County Judge Patrick Condon; (4) the State of Ohio; and (5) the United States Government. Defendant also maintains that his Church of Jesus Christ Christian/Aryan Nations of Missouri is a party to this action. But each of these parties, and the claims Defendant purports to bring against them, are irrelevant to Plaintiff's tort action. More importantly, the arguments throughout the Amended Complaint and Counterclaims are offensive and plainly lack merit.

Although striking a party's pleading is a drastic action, it is appropriate in this instance. Accordingly, the court exercises its broad discretion and strikes Defendant's Amended Answer and Counterclaims (ECF No. 15). Thus, following this Order, the record contains Defendant's initial "Quick Answer" but no other responsive pleading. The court orders Defendant to file an appropriate Amended Answer that responds to Plaintiff's Complaint within fourteen (14) days from the date of this Order. If Defendant fails to do so, this action will proceed on the basis of his bare-bones "Quick Answer."

E. **E-Filing Request**

Defendant requests permission to use this court's electronic filing system. Plaintiff opposes this request and argues that Defendant will abuse the filing system if given permission. In support, Plaintiff points to Defendant's voluminous filings in previous litigation. (*See* ECF Nos. 10, 16-2, and 16-3.) Local Rule 5.1(c) provides in relevant part:

> While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so.

After considering the content of Plaintiff's filings to date, the court is not persuaded that electronic filing is appropriate. Accordingly, the court denies Plaintiff's request for electronic filing privileges.

### III. CONCLUSION

For the foregoing reasons, the court denies Defendant's First and Second Motions to Consolidate (ECF Nos. 9 and 14); denies as moot Defendant's Unsigned Motion (ECF No. 13) and Plaintiff's First Motion to Strike (ECF No. 11); grants in part and denies in part Plaintiff's Second Motion to Strike (ECF No. 12); and grants Defendant's Motion for Extension (ECF No. 8) and Plaintiff's Third Motion to Strike (ECF No. 16). Further, the court declines to grant Defendant electronic filing privileges. Consistent with this Order, Defendant has fourteen (14) days in which to file an appropriate Amended Answer.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 15, 2019