# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-CV-02103-SO |
| Plaintiff, | Hon. Solomon Oliver, Jr. |
| v. | Mag. Jonathan D. Greenberg |
| **MARTIN LINDSTEDT,** | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

## PLAINTIFF BRYAN ANTHONY REO'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Bryan Anthony Reo ("Plaintiff"), *pro se*, and hereby propounds upon Martin Lindstedt ("Defendant") and this Honorable Court Plaintiff Bryan Anthony Reo's Motion for Summary Judgment:

1. For the reason set forth in Plaintiff Bryan Anthony Reo's Brief in Support of His Motion for Summary Judgment, Plaintiff is entitled to summary judgment against Defendant pursuant to Fed. R. Civ. P. 56.

WHEREFORE, Plaintiff prays that this Honorable Court will enter summary judgment in Plaintiff's favor as to all claims pending before the Court.

        Respectfully submitted,

        **REO LAW, LLC**


        <u>/s/ Bryan Anthony Reo</u>
        Bryan Anthony Reo (#0097470)
        P.O. Box 5100
        Mentor, OH 44061
        (T): (440) 313-5893
        (E): reo@reolaw.org
Dated: January 26, 2020        *Pro se Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-CV-02103-SO |
| Plaintiff, | Hon. Solomon Oliver, Jr. |
| v. | Mag. Jonathan D. Greenberg |
| **MARTIN LINDSTEDT,** | |
| Defendant. | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

## PLAINTIFF BRYAN ANTHONY REO'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ................................................................................................... 2

II. EXHIBIT LIST ..................................................................................................................... 3

III. STATEMENT OF ISSUE PRESENTED ............................................................................ 4

IV. STATEMENT OF FACTS .................................................................................................. 5

V. STANDARD OF REVIEW ................................................................................................ 11

VI. LAW & ARGUMENT ...................................................................................................... 12

VII. CONCLUSION ................................................................................................................ 14

# I. TABLE OF AUTHORITIES

**Case Law**

*A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (Ohio S. Ct. 1995) ......................12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................................................................................................................11

*Cabe v. Lunich*, 70 Ohio St.3d 598, 640 N.E.2d 159 (Ohio S. Ct. 1994)..........................13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................11

*Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986)......................................................................................................................11

*Phung v. Waste Mgt. Inc.*, 71 Ohio St.3d 408, 644 N.E.2d 286 (Ohio S. Ct. 1994)..........12

*Proctor & Gamble Co. v. Stoneham*, 140 Ohio.App.3d 260, 747 N.E.2d 268 (Ohio App. 1 Dist. 2000)................................................................................................13

*Street v. J.C. Bradford & Co*, 886 F.2d 1472 (6th Cir. 1989) ............................................11

*Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051 (Ohio St. Ct. 2007)...............12

**Statutory and Constitutional Law**

None Cited

**Court Rules**

Fed. R. Civ. P. 36.............................................................................................................13

Fed. R. Civ. P. 36(a)(1)(A) ...............................................................................................12

Fed. R. Civ. P. 36(a)(3).......................................................................................................5

Fed. R. Civ. P. 36(b) ..........................................................................................................5

Fed. R. Civ. P. 56.........................................................................................................4, 11

Fed. R. Civ. P. 56(a) ........................................................................................................11

## II. EXHIBIT LIST

EXHIBIT A – 12/19/19 Plaintiff's Discovery Requests

EXHIBIT B – 12/19/19 Plaintiff's Email to Defendant

## III. STATEMENT OF ISSUE PRESENTED

1. Whether Bryan Anthony Reo ("Plaintiff") is entitled to summary judgment being granted in Plaintiff's favor against Martin Lindstedt ("Defendant") pursuant to Fed. R. Civ. P. 56.

   Plaintiff's Answer: Yes.

   Defendant's Anticipated Answer: No.

## IV. STATEMENT OF FACTS

Plaintiff has sued Defendant—and not for the first time—for Defendant having engaged in a vile campaign of vexatious disparagement against Plaintiff via the Internet. Despite a jury previously awarding Plaintiff in excess of $100,000.00 against Defendant, Defendant's campaign of harassment continues and Plaintiff has filed a second civil action to seek the redress of Plaintiff's grievances. (ECF No. 1-1; PageID ## 6-18).

On December 19, 2019, Plaintiff served upon Defendant via First Class United States Mail and via electronic mail Plaintiff Bryan Anthony Reo's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents to Defendant Martin Lindstedt. (Exhibit A – 12/19/19 Plaintiff's Discovery Requests; Exhibit B – 12/19/19 Plaintiff's Email to Defendant). Defendant did not timely serve upon Plaintiff answers to the requests for admissions contained within said discovery requests. In fact, Defendant did not serve upon Plaintiff at any time answers to said requests for admissions.

The December 19, 2019, requests for admissions were required to be answered by Defendant within thirty days of said date. Fed. R. Civ. P. 36(a)(3). Due to Defendant not timely denying the requests for admissions, said requests for admissions are deemed admitted. *Id*. The admissions made by Defendant "conclusively establish[]" factual and legal conclusions which permit the Court to enter a dispositive order at this juncture. Fed. R. Civ. P. 36(b). Defendant cannot rebut the irrebuttable, which is the following:

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Please admit that at all times relevant to the controversy as described within Plaintiff's Complaint, Defendant knew that Plaintiff is a resident of the State of Ohio.

    **ANSWER:**

5

Case: 1:19-cv-02103-SO Doc #: 34 Filed: 01/26/20 9 of 18. PageID #: 366

**REQUEST FOR ADMISSION NO. 2:** Please admit that at all times relevant to the controversy as described within Plaintiff's Complaint, Defendant knew that Defendant's acts of commission as described within Plaintiff's Complaint would cause Plaintiff to suffer damages in the State of Ohio.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 3:** Please admit that at all times relevant to the controversy as described within Plaintiff's Complaint, Defendant purposefully acted in a tortious manner so as to cause Plaintiff to suffer damages in the State of Ohio.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 4:** Please admit that on September 9, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had used the Lake County Court of Common Pleas for purposes of "barratry."

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 5:** Please admit barratry is defined as the use of vexatious litigation or the incitement to it.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 6:** Please admit that barratry constitutes unprofessional conduct pursuant to the Ohio Rules of Professional Conduct.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 7:** Please admit that vexatious litigation constitutes unprofessional conduct pursuant to the Ohio Rules of Professional Conduct.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 8:** Please admit Plaintiff has never engaged in barratry.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 9:** Please admit Plaintiff has never engaged in vexatious litigation.

    **ANSWER:**

6

**REQUEST FOR ADMISSION NO. 10:** Please admit on September 14, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had engaged in stalking.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 11:** Please admit that on September 14, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had stalked a man for purposes of coercing homosexual sexual conduct from the same.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 12:** Please admit that stalking constitutes a criminal offense pursuant to Ohio Revised Code Section 2903.211.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 13:** Please admit Plaintiff never stalked a man via the worldwide web.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 14:** Please admit Plaintiff never attempted to coerce homosexual sexual conduct from a man.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 15:** Please admit that on September 17, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had conspired with an Ohio judge to corrupt jury proceedings occurring in June of 2019.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 16:** Please admit that it would constitute unprofessional conduct pursuant to the Ohio Rules of Professional Conduct for Plaintiff to conspire with an Ohio judge to corrupt jury proceedings.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 17:** Please admit that on October 2, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had engaged in perjury.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 18:** Please admit that perjury constitutes a criminal offense pursuant to Ohio Revised Code Section 2921.11.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 19:** Please admit that on October 15, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had conspired with an Ohio judge to submit perjured testimony so as to engage in barratry.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 20:** Please admit on October 25, 2018, Defendant published on the worldwide web a false and defamatory statement alleging that Plaintiff had filed a frivolous complaint against Defendant.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 21:** Please admit that it constitutes unprofessional conduct pursuant to the Ohio Rules of Professional Conduct for Plaintiff to file a frivolous complaint against Defendant.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 22:** Please admit that on November 8, 2018, Defendant published onto the worldwide web a false and defamatory statement that Plaintiff had planned to travel to Paraguay to obtain sex reassignment surgery insofar as Plaintiff is mentally ill.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 23:** Please admit that on November 11, 2018, Defendant published onto the worldwide web a false and defamatory statement that Plaintiff was engaged in adultery by having sex with people other than Plaintiff's wife.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 24:** Please admit that all of Defendant's publications about Plaintiff—as described within Plaintiff's Complaint—were published by Defendant to third-parties.

    **ANSWER:**

**REQUEST FOR ADMISSION NO. 25:** Please admit that Defendant is liable to Plaintiff for defamation for the reasons articulated in Paragraphs 26 through 33 of Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 26:** Please admit that Defendant is liable to Plaintiff for invasion of privacy—false light—for the reasons articulated in Paragraphs 34 through 40 of Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 27:** Please admit that Defendant is liable to Plaintiff for intentional infliction of emotional distress for the reasons articulated in Paragraphs 41 through 45 of Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 28:** Please admit Plaintiff is entitled to an award against Defendant in the form of punitive damages for the reasons articulated in Paragraphs 46 through 51 of Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 29:** Please admit Plaintiff is entitled to permanent injunctive relief against Defendant for the reasons articulated in Paragraphs 52 through 58 of Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 30:** Please admit that Defendant caused willful and malicious injury——as these terms are defined by 11 U.S.C. § 523(a)(6)—to Plaintiff for the reasons alleged in Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 31:** Please admit that Defendant does not have a meritorious affirmative defense in relation to any and all causes of action Plaintiff pled against Defendant in Plaintiff's Complaint.

 **ANSWER:**

**REQUEST FOR ADMISSION NO. 32:** Please admit that Plaintiff never committed an act of commission or omission against Defendant for which Plaintiff is liable to Defendant for money damages.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 33:** Please admit that for purposes of First Amendment jurisprudence, Plaintiff is a non-public figure.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 34:** Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff suffered $250,000.00 in general damages due to Defendant's tortious conduct.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 35:** Please admit that for the reasons set forth within Plaintiff's Complaint, Plaintiff it would be just and proper for Plaintiff to be awarded $750,000.00 in punitive damages against Defendant due to Defendant's willful and malicious misconduct.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 36:** Please admit to the truth of all allegations, factual and legal, contained within Plaintiff's Complaint.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 37:** Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are wholly lacking in merit.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 38:** Please admit that your counterclaim or claims pending against Plaintiff Bryan Anthony Reo, if any, are without any evidentiary or factual basis.

**ANSWER:**

(Exhibit A – 12/19/19 Plaintiff's Discovery Requests).

In light of Request for Admission No. 36 requesting Defendant to admit the truth of all allegations—factual and legal—contained within Plaintiff's Complaint, the factual allegations of said Complaint are incorporated by reference as if fully set forth herein. (ECF No. 1-1; PageID ## 6-18).

10

## V.  STANDARD OF REVIEW

Plaintiff is moving for summary judgment pursuant to Fed. R. Civ. P. 56(a).

The seminal cases interpreting Fed. R. Civ. P. 56 are *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  See *Street v. J.C. Bradford & Co*, 886 F.2d 1472, 1478-1480 (6th Cir. 1989) (providing an excellent analysis of Fed. R. Civ. P. 56(a) motion practice).

## VI.  LAW & ARGUMENT

Plaintiff is entitled to summary judgment against Defendant because (1) Plaintiff's Complaint alleges a prima facie case against Defendant for common law defamation, common law invasion of privacy – false light, common law intentional infliction of emotional distress, punitive damages, and permanent injunctive relief, and (2) Defendant has conclusively admitted to the factual allegations and legal conclusions—in accordance with Fed. R. Civ. P. 36(a)(1)(A)—as set forth within Plaintiff's Complaint insofar as Defendant did not timely respond to Plaintiff's requests for admissions concerning the same.

Regarding a claim in Ohio for defamation, defamation occurs when a publication contains a false statement "made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Council*, 73 Ohio St.3d 1, 7, 651 N.E.2d 1283 (Ohio S. Ct. 1995).

Regarding a claim in Ohio for false light, this tort occurs when the tortfeasor gives publicity to a matter concerning the plaintiff which places the plaintiff in a false light which would be highly offensive to a reasonable person and the tortfeasor did so with at least reckless *scienter*. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051 (Ohio St. Ct. 2007).

Regarding a claim in Ohio for intentional infliction of emotional distress, the plaintiff must show that (1) the defendant intended to cause the plaintiff serious emotional distress, (2) the defendant's conduct was extreme and outrageous, and (3) the defendant's conduct was the proximate cause of the plaintiff's serious emotional distress. *Phung v. Waste Mgt. Inc.*, 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (Ohio S. Ct. 1994).

In *Cabe v. Lunich*, 70 Ohio St.3d 598, 640 N.E.2d 159 (Ohio S. Ct. 1994), it was noted that punitive damages can be awarded "where liability is determined and compensatory damages are awarded, punitive damages may be awarded upon a showing of actual malice."

In *Proctor & Gamble Co. v. Stoneham*, 140 Ohio.App.3d 260, 268, 747 N.E.2d 268 (Ohio App. 1 Dist. 2000), the Ohio appellate court held that a party seeking a permanent injunction must demonstrate by clear and convincing evidence that they are entitled to relief under applicable law, that an injunction is necessary to prevent irreparable harm, and that no adequate remedy at law exists.

In the instant case, Plaintiff has conclusively shown—via the unanswered requests for admissions—that defendant is liable to Plaintiff for the claims raised within Plaintiff's Complaint. See Exhibit A – 12/19/19 Plaintiff's Discovery Requests; ECF No. 1-1; PageID ## 6-18; Fed. R. Civ. P. 36. It should be noted that a hearing regarding damages is not even required, because Defendant has also conclusively admitted to the amount of money which should be awarded to Plaintiff for general and punitive damages: $250,000.00 and $750,000.00, respectively. (Exhibit A - 12/19/19 Plaintiff's Discovery Requests, Nos. 34 and 35).

## VII.  CONCLUSION

For the reasons set forth herein, Plaintiff is entitled to summary judgment against Defendant.  As such, the Court can and should enter judgment in Plaintiff's favor and award Plaintiff $250,000.00 in general damages[1] and $750,000.00 in punitive damages[2] against Defendant.

Furthermore, the Court should enter a permanent injunction against Defendant whereby Defendant is compelled to remove from the Internet and not republish thereto any and all derogatory materials Defendant or Defendant's agents published there to date about Plaintiff.[3]

Respectfully submitted,

**REO LAW, LLC**

Dated:  January 26, 2020

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T):  (440) 313-5893
(E):  reo@reolaw.org
*Pro se Plaintiff*

---

[1] See Request for Admission No. 34.  (Exhibit A – 12/19/19 Plaintiff's Discovery Requests).
[2] See Request for Admission No. 35.  (Exhibit A – 12/19/19 Plaintiff's Discovery Requests).
[3] See Request for Admission No. 36.  (Exhibit A – 12/19/19 Plaintiff's Discovery Requests).  See also ECF No. 1-1; PageID # 17, ¶ 58.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-CV-02103-SO |
| Plaintiff, | Hon. Solomon Oliver, Jr. |
| v. | Mag. Jonathan D. Greenberg |
| **MARTIN LINDSTEDT,** | |
| Defendant. | |

| | |
|---|---|
| **REO LAW, LLC** | **MARTIN LINDSTEDT** |
| Bryan Anthony Reo (#0097470) | 338 Rabbit Track Road |
| P.O. Box 5100 | Granby, MO 64844 |
| Mentor, OH 44061 | (T):  (417) 472-6901 |
| (T):  (440) 313-5893 | (E):  pastorlindstedt@gmail.com |
| (E):  reo@reolaw.org | *Pro se Defendant* |
| *Pro se Plaintiff* | |

## CERTIFICATE OF SERVICE

     I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on January 26, 2020, I served a true and accurate copy of Plaintiff Bryan Anthony Reo's Motion for Summary Judgment, Plaintiff Bryan Anthony Reo's Brief in Support of His Motion for Summary Judgment, and this Certificate of Service upon Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844, by placing the same in a First Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail located in Mentor, Ohio.

                                                                /s/ Bryan Anthony Reo
                                                                Bryan Anthony Reo (#0097470)
                                                                P.O. Box 5100
                                                                Mentor, OH 44061
                                                                 (T):  (440) 313-5893
                                                                 (E):  reo@reolaw.org

Dated:  January 26, 2020                                           *Pro se Plaintiff*