UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case are *Pro Se* Plaintiff Bryan Reo's ("Plaintiff") Motion to Strike Defendant's Second Amended Answer and/or for a More Definite Statement ("First Motion to Strike") (ECF No. 26) and Motion to Strike Defendant's More Definite Answer ("Second Motion to Strike") (ECF No. 32). Also before the court is *Pro Se* Defendant Martin Lindstedt's ("Defendant") Proposed Joinder/Counterclaims Versus Bryan Reo Counter-Defendants (ECF No. 33). For the following reasons, the court grants in part and denies in part Plaintiff's First Motion to Strike and denies as moot the Second Motion to Strike. The court also strikes Defendant's Proposed Joinder/Counterclaims.

## I. BACKGROUND

Defendant has struggled to file a pleading that complies with the Federal Rules of Civil Procedure despite several opportunities to do so. Defendant's initial "Quick Answer/Pleading" (ECF No. 8) was a bare-bones attempt at an answer, which simply denied all allegations. After the court

granted an extension allowing Defendant to file a more thorough answer, Defendant submitted an Amended Answer with Counterclaims (ECF No. 15) consisting of "rambling, largely irrelevant arguments, which [were] rife with personal insults and racial slurs." (Order at PageID #196, ECF No. 19.) Given its "redundant, immaterial, impertinent, [and] scandalous" content, the court struck Defendant's filing pursuant to Rule 12(f). Fed. R. Civ. P. 12(f). But the court gave Defendant another chance to submit a rule-compliant pleading. (Order at PageID #196, ECF No. 19 (ordering Defendant "to file an appropriate Amended Answer that responds to Plaintiff's Complaint within fourteen (14) days").) Defendant filed his Second Amended Answer with Counterclaims (ECF No. 29) on November 27, 2019, claiming to have "cut down quite a bit of the racism." (*Id.* at PageID #328.) However, Plaintiff argues the Second Amended Answer and Counterclaims is offensive, "just like [the first Amended Answer]," and so Plaintiff filed his First Motion to Strike on December 5, 2019. (ECF No. 26.) Defendant then filed a Response/More Definite Answer ("More Definite Answer") (ECF No. 31) on December 30, 2019, which prompted Plaintiff's Second Motion to Strike (ECF No. 32). Finally, Defendant again filed Proposed Joinder/Counterclaims (ECF No. 33) asserting claims Defendant purports to have against various individuals and entities, including the State of Ohio and the federal government.

## II.  LAW AND ANALYSIS

### A.    First Motion to Strike

Because the First Motion to Strike raises issues that are identical to those the court previously confronted, the court incorporates by reference the discussion of applicable law from its Order of November 15, 2019. (*See* Order, ECF No. 19.) Exercising its broad discretion pursuant to Rule 12(f), the court strikes from Defendant's Second Amended Answer with Counterclaims all purported

"counterclaims" and references to individuals and entities not a party to this case. More precisely, the court strikes paragraphs 2–8, 10–10C, and 39–44.

At this juncture, the court chooses to strike only those portions of Defendant's filing that are both offensive *and* irrelevant to the case at hand. In so doing, the court notes that offensive slurs and personal attacks are rife throughout Defendant's Second Amended Answer—just like the first iteration. However, because some paragraphs in Defendant's filing provide sufficiently relevant information that answers Plaintiff's Complaint, the court leaves those portions intact.

By striking the paragraphs referenced above, the court eliminates the irrelevant, vague, and incoherent "counterclaims" Defendant purports to bring against Plaintiff, as well as Defendant's attempt to join unrelated parties. In particular, the court strikes all references to Defendant's corporate entity, the Church of Jesus Christ Christian/Aryan Nations of Missouri. As the court made clear in its prior Order, "Ohio law forbids a non-lawyer like Defendant from representing a corporate entity." (Order at PageID #196, ECF No. 19.) Moreover, Defendant's corporate entity is not connected in any way to the events and facts underlying the present lawsuit. Similarly, the court again rejects Defendant's attempt to join Stefani Rossi Reo (Plaintiff's wife); Anthony Domenic Reo (Plaintiff's father); Kyle Bristow (Plaintiff's business associate); Brett Allan Klimkowsky (Plaintiff's business associate); the Court of Common Pleas of Lake County, Ohio; Lake County Judge Patrick Condon; the State of Ohio; and the United States Government. Although Defendant says he "dropped" these individuals and entities from his filings in accordance with this court's instructions, (*see* Def.'s Resp. to Mot. to Strike at PageID #336, ECF No. 31), Defendant nonetheless lists them as "Parties" and levels incoherent, rambling accusations against each. (Second Am. Answer with Counterclaims ¶¶ 2–8, 10–10C, 39–44, ECF No. 29.) Defendant's narrative seems to contemplate various constitutional claims under the First Amendment, objects to lawyers as a "parasitic class of

regime criminals," and seeks to have Plaintiff disbarred. (*Id.*) The court sees no connection between these potential parties and claims and the facts and events underlying Plaintiff's Complaint. Accordingly, these unrelated assertions are stricken.

Of course, Defendant remains free to file a separate lawsuit pursuing any claims he believes he has against Plaintiff or these other individuals and entities. But because they are not relevant to the defamation claims Plaintiff raises in his Complaint, they have no business before this court at this time. The court therefore refuses to entertain them.

**B.     Second Motion to Strike**

Defendant's More Definite Answer (ECF No. 31) reflects the same issues as his other nonconforming pleadings. Applying the same law and reasoning from above, the court hereby strikes the More Definite Answer because it is both offensive and lacks relevance. Although Defendant has not yet submitted a Response opposing Plaintiff's Second Motion to Strike, the court need not wait because Rule 12(f) permits the court to strike on its own volition. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) *on its own*; or (2) on motion made by a party . . . ." (emphasis added).) With Defendant's More Definite Answer (ECF No. 31) struck from the record, Plaintiff's Second Motion to Strike is moot.

**C.     Defendant's Proposed Joinder/Counterclaims**

The court does not need to spend much time discussing Defendant's Proposed Joinder/Counterclaims as it simply repeats the same claims and arguments against the same parties that Defendant has improperly attempted to join throughout these proceedings. Because the Proposed Joinder/Counterclaims is no different than Defendant's Second Amended Answer with Counterclaims or his More Definite Answer, the court exercises its authority pursuant to Rule 12(f)

to strike Defendant's Proposed Joinder/Counterclaims (ECF No. 33). If Defendant wishes to pursue

these claims, he must file a separate lawsuit.

### III. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part Plaintiff's First Motion

to Strike (ECF No. 26). The Motion is granted with regard to paragraphs 2–8, 10–10C, and 39–44,

but denied as to the other portions of Defendant's Second Amended Answer with Counterclaims.

The court also strikes Defendant's More Definite Answer (ECF No. 31). Accordingly, Plaintiff's

Second Motion to Strike (ECF No. 32) is denied as moot. Further, pursuant to Rule 12(f), the court

strikes Defendant's Proposed Joinder/Counterclaims (ECF No. 33).[1]

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 5, 2020

---

[1]     The court does not address Plaintiff's recently filed Motion for Summary Judgment
(ECF No. 34) because that Motion is not yet ripe for review. *See* Local Rule 7.1.