UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *pro se* Defendant Martin Lindstedt's ("Defendant" or "Lindstedt") Motion (ECF No. 39) pursuant to Federal Rule of Civil Procedure 59(e) for the court to alter, amend, or reconsider its Order of February 5, 2020. For the reasons that follow, the court denies Defendant's Motion.

**I. BACKGROUND**

On February 5, 2020, the court issued an Order (ECF No. 35), striking significant portions of Defendant's Second Amended Answer (ECF No. 29) and striking in their entirety Defendant's More Definite Answer (ECF No. 31) and Proposed Joinder/Counterclaims (ECF No. 33).[1] As that Order explains, Defendant's filings were rife with offensive slurs, personal attacks, and irrelevant arguments against entities that are not party to this case. (*See generally* Order, ECF No. 35.) Consequently, the court exercised its discretion pursuant to Rule 12(f) and struck the offensive and irrelevant materials from the record.

---

[1] See the court's prior orders for a more detailed description of the facts of this case.

With the present Motion pursuant to Rule 59(e), Defendant asks the court to alter, amend, or reconsider its prior Order. *Pro se* Plaintiff Bryan Reo filed a Response in Opposition (ECF No. 40) on March 19, 2020. Defendant did not file a reply.

## II.  LEGAL STANDARD

In the Sixth Circuit, a motion for reconsideration is construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Under Rule 59(e), a district court may grant a motion to alter or amend the judgment if the movant shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quotation omitted). The purpose of Rule 59(e) is to give district courts an opportunity to fix their mistakes without going through a costly and unnecessary appeals process. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, Rule 59 motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). In general, motions for reconsideration are disfavored. *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008).

## III.  LAW AND ANALYSIS

In short, Defendant's Motion offers no valid basis for the court to grant relief under Rule 59(e). Defendant identifies no error of law, let alone a clear error; he offers no new evidence; he points to no intervening change in law; and he does not assert manifest injustice. Instead, his Motion merely rehashes the same accusations and insults that led the court to strike his prior filings. Because Defendant's Motion is "completely and totally devoid of any merit," (Resp. at PageID #448,

-3-

ECF No. 40), the court denies the Motion.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion (ECF No. 39) is denied.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

September 28, 2020