UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is *pro se* Plaintiff Bryan Reo's ("Plaintiff") Motion for an Order Compelling *pro se* Defendant Martin Lindstedt ("Defendant") to Show Cause ("Motion") why he should not be held in civil contempt of court. (ECF No. 60.) For the following reasons, the court grants the Motion.

## I. BACKGROUND

On September 28, 2020, the court granted summary judgment in favor of Plaintiff on most of his claims. As part of its Order, the court entered a permanent injunction requiring Defendant to

> (1) cease and desist from making or publishing statements regarding Plaintiff's lawsuits, legal practice, and business dealings that are the same, or significantly similar, in nature to the statements the court has found to be defamatory in this case; and (2) to the fullest extent possible, Defendant shall remove or cause to be removed from all websites and publications all statements Defendant has made that this court has found to be defamatory, as well as any statements similar in nature published during or before the current proceedings regarding Plaintiff's lawsuits, legal practice, and business dealings.

(Order at PageID #494, ECF No. 44.) But, according to Plaintiff, Defendant has continued to act in willful violation of the injunction. (Mot. at PageID #629, ECF No. 60.) Consequently, Plaintiff filed

this Motion asking the court to issue an Order requiring Defendant to show cause why he should not be held in civil contempt under 18 U.S.C. § 401. In support, Plaintiff attached screenshots of search results from Defendant's website that purportedly confirm the defamatory posts remain available online. (Ex. 1, ECF No. 60-1.) Plaintiff also attaches a Declaration in which he asserts that Defendant's defamatory comments remain an ongoing issue. (Ex. 2, ECF No. 60-2.) Plaintiff filed his Motion on January 1, 2021. Although Defendant has not responded directly, he did file a document on January 6, 2021, containing assertions that are somewhat responsive to the issues Plaintiff raises. (Def.'s Resp. Opposing Damages, ECF No. 61.)

## II. LEGAL STANDARD

The court's contempt power is circumscribed by federal statute:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Under this provision, a court can impose civil contempt sanctions to enforce compliance with its orders or to compensate for losses caused by the contempt. *In re Jacques*, 761 F.2d 302 (6th Cir.1985). Unlike criminal contempt sanctions, which can be imposed for punitive purposes, civil contempt sanctions are purely remedial. *Hopper v. Plummer*, 887 F.3d 744, 752–53 (6th Cir. 2018) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)). To hold a party in civil contempt, the court must find by clear and convincing evidence that the party violated the court's prior order. *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991).

### III.  ANALYSIS

Plaintiff urges the court to hold Defendant in civil contempt under 18 U.S.C. §§ 401(1) and (3). He asserts that, as of January 1, 2021, a search on Defendant's website returned more than 100 results containing Plaintiff's name and that "[m]ost, if not all, of these threads contain statements Defendant has made regarding Plaintiff's lawsuits, legal practice, and business dealings that are the same, or significantly similar, in nature to the statements the court has found to be defamatory in the instant civil action." (Mot. at PageID #630, ECF No. 60.) Defendant has not responded to Plaintiff's Motion. But in a recent, unrelated filing, Defendant stated that he "makes backups" of the data from his forum, and he "is parking the backups on other secret allied Movement servers . . . waiting for a time to re-appear." (Def.'s Resp. Opposing Damages at PageID #644, ECF No. 61.) In other words, Defendant suggests that if his website is taken offline, he will republish the defamatory statements on another website or through another source.

Given the record before the court, the court finds Plaintiff's Motion well-taken. Defendant is hereby ordered to show cause why he should not be held in civil contempt for refusing to comply with the permanent injunction the court issued on September 28, 2020. Defendant shall file any papers within twenty-one (21) days of the date of this Order. Plaintiff may file any reply papers within seven (7) days after that.[1]

---

[1]    Plaintiff's Motion also includes proposed sanctions. It suggests that, if the court finds Defendant in contempt, Defendant should "be provided 72 hours to become compliant with the Court's September 28, 2020." (Mot. at PageID #631, ECF No. 60.) But if Defendant refuses to purge the defamatory statements from his website after that 72-hour period, Plaintiff recommends "that Defendant be indefinitely jailed until he becomes so compliant." (*Id.*) Plaintiff further proposes that the court should put "Defendant in default" and hold "an evidentiary hearing to determine Plaintiff's unliquidated damages . . . without a jury . . . so as to allow the case to expeditiously proceed to final judgment." (*Id.*) Without taking a position on whether Defendant should be held in contempt or what an appropriate sanction might be, the court notes that Plaintiff's proposed sanctions are utterly without merit.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion (ECF No. 60) is granted.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 12, 2021

---

Beyond having little remedial value, the purpose of jailing Defendant or depriving him of a jury is clearly punitive in nature, which puts those sanctions well outside the scope of civil contempt.