UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is *pro se* Plaintiff Bryan Reo's ("Plaintiff" or "Reo") Motion for Partial Reconsideration ("Motion"). (ECF No. 69.) For the reasons that follow, the court grants Plaintiff's Motion.

## I. BACKGROUND

Plaintiff initiated this case, one of many in a series of legal skirmishes between Plaintiff and *pro se* Defendant Martin Lindstedt ("Defendant" or "Lindstedt"), in state court on August 12, 2019, and Defendant removed to this court on September 12, 2019. (ECF No. 1; ECF No. 1-2.) From the parties' filings, it appears that Plaintiff and Defendant—a self-avowed white supremacist—encountered each other through online forums and "have fought with each other over their proper place within White Supremacy and Christian Identity since 2009–2010." (Second Am. Answer ¶ 17, ECF No. 29.) In this action, Plaintiff alleged that Defendant posted defamatory statements online following a June 2019 jury verdict for Plaintiff and against Defendant in Lake County Common Pleas Court (the "Lake County case"). (*See* Compl. ¶ 7, ECF No. 1-1.) Those posts included Defendant's false accusations that Plaintiff, a licensed lawyer, colluded with the judge in

the Lake County case, corrupted the court proceedings, and engaged in perjury and barratry. (*Id.* ¶¶ 8–18, 23.)

On September 28, 2020, this court granted summary judgment in favor of Plaintiff on most of his claims. The court's conclusion rested on Defendant's refusal to participate in the discovery process—specifically, his failure to respond to Plaintiff's requests for admissions. As the court explained in its Order:

> [B]y virtue of [Federal Rule of Civil Procedure 36(b)] and Defendant's failure to respond to Plaintiff's request for admissions, Defendant has admitted the following relevant factual matters: (1) Defendant made statements of fact about Plaintiff that were false, including that Plaintiff engaged in barratry, vexatious litigation, and perjury, that Plaintiff stalked another person online, and that Plaintiff conspired with an Ohio judge to corrupt jury proceedings; (2) Defendant knew these statements were false; (3) Defendant published these statements to third parties via the internet; and (4) Defendant made these statements purposefully and with intent to cause Plaintiff to suffer damages in Ohio.

(Order at PageID #486, ECF No. 44; *see also* Requests for Admissions at PageID #379–83, ECF No. 34-1.) But while the court found that Defendant's admissions conclusively established his liability, the court interpreted some of Defendant's filings as a partial withdrawal of admissions relative to damages. Accordingly, the court set a schedule for the parties to prepare for trial on the limited issue of damages. (Order at PageID #614–15, ECF No. 57.)

Since then, Plaintiff and Defendant each have filed various motions. As relevant here, Plaintiff filed a Motion for Reconsideration (ECF No. 69) on March 17, 2021, asking the court to reconsider its summary judgment ruling. On April 5, 2021, after Defendant did not respond to the Motion, Plaintiff filed a Reply (ECF No. 70) highlighting that, in similar lawsuits brought by Plaintiff and Plaintiff's wife, another court in this district deemed that Defendant's failure to respond conclusively established liability *and* damages. *See Reo v. Lindstedt*, No. 1:19-CV-2589, 2021 WL 1178223 (N.D. Ohio Mar. 29, 2021); *Reo v. Lindstedt*, No. 1:19-CV-2786, 2021 WL 1185475 (N.D.

-2-

Ohio Mar. 30, 2021). On April 16, 2021, yet another court in this district reached the same conclusion in a case involving Plaintiff's father. *See Reo v. Lindstedt*, No. 1:19-CV-2615 (N.D. Ohio Apr. 16, 2021). Pointing to these cases, Plaintiff urges the court to reconsider its summary judgment Order and award damages to Plaintiff in the amount admitted by virtue of his requests for admissions.

## II. LEGAL STANDARD

The Sixth Circuit recognizes that district courts have authority to reconsider interlocutory orders under federal common law and Federal Rule of Civil Procedure 54(b).[1] *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also McCormack v. City of Westland*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts generally are justified in "reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959; *see also Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D.Ohio 1998).

## III. ANALYSIS

After reviewing Plaintiff's Motion, the court finds that reconsideration is appropriate. In its prior Order granting summary judgment, the court determined that Defendant never responded to Plaintiff's requests for admissions and, therefore, that the admissions were conclusively established

---

[1] Although Plaintiff cites no authority to support his Motion, Rule 54(b) provides the applicable legal framework.

pursuant to Rule 36(b). (*See* Order at PageID #483–86, ECF No. 44.) The court noted that Defendant purported to deny Plaintiff's allegations in various filings but ultimately concluded that, given the rancorous insults and threats strewn throughout those filings, Defendant's denials "[could not] plausibly be construed as a motion to amend or withdraw his admissions regarding the underlying factual conduct that give rise to this action." (*Id.* at PageID #485.) In other words, the court found that Defendant's admissions established liability on certain claims. However, the court accepted Defendant's filings as a limited withdrawal of admissions relative to damages because Defendant's papers consistently "denied doing any real damage" to Plaintiff. (*Id.* (quoting Def.'s Resp. and Mot. Summ. J. at PageID #416, ECF No. 37).)

In the other cases in this district involving Plaintiff (Case No. 19-CV-2586) and Plaintiff's wife (Case No. 19-CV-2786), Judge Boyko confronted nearly identical scenarios. Like this case, Defendant refused to participate in discovery, including failing to respond to Plaintiff's requests for admissions, and he repeatedly submitted "scandalous, scurrilous and vitriol-laced filings" filled with "racial and sex-based slurs and insults." (Reply Ex. 1 at PageID #797, 807, ECF No. 70-1; Reply Ex. 2 at PageID #810, 821, ECF No. 70-2.) Consequently, relying on Rule 36(b), Judge Boyko found that Defendant admitted Plaintiff's requests for admissions. But whereas this court construed Defendant's filings as a limited withdrawal of admissions with respect to damages, Judge Boyko did not. He explained that

> [t]he Court does not believe that Rule 36 or subsequent caselaw interpreting the same allows the Court to pick and choose which admissions will be withdrawn and which will be enforced when Lindstedt has not moved to withdraw any admissions. Because Lindstedt has not requested that only certain admissions be withdrawn, the Court must either withdraw all his admissions or none of them as the plain language of Rule 36 requires the withdrawal be "on motion;" and as the Magistrate Judge correctly determined, the Court may not withdraw admissions sua sponte. Lindstedt's filings make clear he wants all his admissions

-4-

> withdrawn but he has never formally moved to do so and has never submitted his responses to the Requests.

(Reply Ex. 1 at PageID #805, ECF No. 70-1; Reply Ex. 2 at PageID #820, ECF No. 70-2.) Emphasizing that Defendant never served responses on Plaintiff, even belated ones, nor formally moved to withdraw his admissions, Judge Boyko concluded:

> [T]he Court agrees with the Magistrate Judge's recommendation finding Lindstedt admitted the requests for admission and that these support the elements of Defamation and False Light. The Court will not construe the statement in his Objection that he overtly asked the Magistrate to withdraw his requests as a request for withdrawal because the docket demonstrates Lindstedt never moved to withdraw, despite knowing the consequences for failure to do so; and because Lindstedt has not provided responses even more than eight months after they were propounded on him.

(Reply Ex. 1 at PageID #806, ECF No. 70-1; Reply Ex. 2 at PageID #820, ECF No. 70-2.) Accepting the deemed admissions, Judge Boyko granted summary judgment for Plaintiff not only as to liability but also damages.

Finding Judge Boyko's reasoning persuasive, Judge Adams followed suit in a similar case involving Plaintiff's father:

> This Court agrees with the logic espoused in the related case discussed above. Defendant Lindstedt has continued, despite a warning from the Magistrate Judge, to file his hate-filled, vitriol-laced briefs that contain no legal or factual arguments. Instead, they serve no purpose other than to harass those he chooses to address within them. Accordingly, the Court finds no basis to allow for the withdrawal of the admissions.
>
> The conclusion of the R&R with respect to damages, therefore, is REJECTED. As the admissions conclusively establish all of the elements of Counts I and II, Plaintiff Reo is entitled to judgment on those claims including $250,000 in general damages and $250,000 in special damages. Moreover, a permanent injunction shall issue to prevent Defendant Lindstedt's continued defamation of Plaintiff.

(Sur-Reply Ex. 1 at PageID #848, ECF No. 71-1.)

The court, having reviewed Plaintiff's Motion and Judge Boyko's well-reasoned orders, finds

-5-

that its prior Order denying portions of Plaintiff's Motion for Summary Judgment was in error. The Sixth Circuit has explained that courts have broad discretion to allow withdrawal of admissions under Rule 36(b) "*if* a party moves the district court." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (emphasis in original). But nothing requires a court to exercise its discretion, and the plain language of the Rule suggests that courts cannot do so sua sponte. *Id.* And, here, although Defendant unilaterally asserted in his papers that he "withdrew" his admissions, he never moved this court for leave to withdraw. Nor did he serve responses on Plaintiff. Given these key factual distinctions, this court's reliance on *United States v. Petroff-Kline*, 557 F.3d 285 (6th Cir. 2009), was misplaced. Unlike this case, the defendant in *Petroff-Kline* eventually submitted responses to the plaintiff's requests for admissions—albeit three days late. Although the defendant never filed a formal motion, the district court granted leave allowing the tardy responses. *Id.* at 293. On appeal, the Sixth Circuit affirmed the district court's exercise of discretion. It explained that Rule 36(b) does not always require a formal motion because, in appropriate circumstances, "withdrawal may be imputed from a party's actions, including the filing of a belated denial." *Id.* (quotation omitted). But the factual circumstances here make this case a bad candidate for Rule 36 discretion because Defendant's only attempt to "withdraw" his admissions came via assertions in his filings. After reconsideration, the court now finds that the unilateral "withdrawal" in Defendant's papers was ineffectual. And given Defendant's conduct throughout these proceedings—including his assertion that he understands federal civil procedure, his repeated refusal to obtain counsel despite the court cautioning him against self-representation, and his persistently inappropriate and abusive filings—the court finds that it erred when it imputed a partial withdrawal of admissions solely on the basis of assertions in Defendant's papers. Even assuming the court had authority to exercise Rule 36(b) authority sua sponte, the court finds that it was improper to do so in this case.

Correcting its error, the court concludes that all matters in Plaintiff's requests for admissions are deemed admitted due to Defendant's failure to respond to Plaintiff's requests and his failure to seek leave to withdraw his admissions. These admissions establish Defendant's liability on Counts I and II, as the court previously found. Despite the court's prior erroneous finding, they also establish Defendant's liability on Count III because Defendant's admissions establish the necessary elements of intentional infliction of emotional distress, and Rule 36 expressly provides for admissions regarding the "application of law to fact." Fed. R. Civ. P. 36(a)(1)(A). Finally, Defendant's admissions establish that Plaintiff is entitled to $250,000 in compensatory damages and $750,000 in punitive damages. Thus, the court revises its prior summary judgment ruling (ECF No. 44) consistent with this Order and hereby grants Plaintiff's Motion for Summary Judgment (ECF No. 34) and denies Defendant's Motion for Summary Judgment (ECF No. 37).

This result may seem harsh given Defendant's *pro se* status. But this is not a case where Defendant's failure to respond to Plaintiff's requests for admissions was due to a lack of understanding or awareness of the litigation process. Indeed, Defendant should be keenly familiar with the consequences of refusing to answer requests for admissions from his prior experience litigating against Plaintiff, including in the Lake County case. (*See, e.g.*, Reply Ex. 1 at PageID #802–03, ECF No. 70-1; Reply Ex. 2 at PageID #816–17, ECF No. 70-2.) The fact that Defendant consistently touted his familiarity with the legal process and refused to obtain counsel despite the court's warnings further underscores that this result is equitable and just. Because Defendant "failed to adhere to readily comprehended court deadlines of which he was well-aware," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), his deemed admissions are dispositive and support the granting of summary judgment for Plaintiff.

## IV.  CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion for Partial Reconsideration. (ECF No. 69.) Consistent with this Order and the court's prior summary judgment Order (ECF No. 44), the court grants summary judgment for Plaintiff on all Counts in the amount of $250,000 in compensatory damages and $750,000 in punitive damages.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 23, 2021