UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case are *pro se* Plaintiff Bryan Reo's ("Plaintiff") Second Motion for an Order Compelling Defendant to Show Cause ("Second Motion to Show Cause") why he should not be held in civil contempt (ECF No. 68), Motion for Prejudgment Interest (ECF No. 74), and Motion for Contempt Sanction (ECF No. 75), as well as *pro se* Defendant Martin Lindstedt's ("Defendant") Motion to Show Cause (ECF No. 65) and Motion to Reconsider (ECF No. 76). For the following reasons, the court denies each Motion.

## I. BACKGROUND

On September 28, 2020, the court granted summary judgment for Plaintiff as to liability on his claims against Defendant for defamation and invasion of privacy liability. In its Order, the court entered a permanent injunction requiring Defendant to

> (1) cease and desist from making or publishing statements regarding
> Plaintiff's lawsuits, legal practice, and business dealings that are the

> same, or significantly similar, in nature to the statements the court has found to be defamatory in this case; and (2) to the fullest extent possible, Defendant shall remove or cause to be removed from all websites and publications all statements Defendant has made that this court has found to be defamatory, as well as any statements similar in nature published during or before the current proceedings regarding Plaintiff's lawsuits, legal practice, and business dealings.

(Order at PageID #494, ECF No. 44.) But the court denied summary judgment as to damages after concluding that a genuine dispute remained regarding the amount Plaintiff was entitled to recover. Because the damages question remained unresolved, the court ordered the parties to prepare for trial on that limited issue. (*See* Min. Order, ECF No. 57.)

On April 23, 2021, pursuant to Plaintiff's motion, the court reconsidered its initial summary judgment Order and found that Plaintiff's damages were conclusively established by virtue of Federal Rule of Civil Procedure 36 and Defendant's failure to respond to Plaintiff's requests for admissions. (Order at PageID #856, ECF No. 72.) Consequently, the court revised its prior ruling and granted summary judgment for Plaintiff and against Defendant on all Counts in the amount of $250,000 in compensatory damages and $750,000 in punitive damages. (*Id.*)

While the revised summary judgment ruling resolved the primary dispute in this action, the parties continue to file motions on ancillary issues. These motions fall into three categories. First, Plaintiff seeks a contempt sanction against Defendant for violating the court's permanent injunction. After the court's initial summary judgment Order but before Plaintiff's request for reconsideration, Plaintiff filed his first Motion to Compel Defendant to Show Cause why he should not be held in civil contempt. Although Plaintiff proposed a sanction that was "clearly punitive in nature" and "without merit," the court agreed that a show cause order was appropriate. (Order at PageID #654 n.1, ECF No. 62.) Since then, Plaintiff filed the Second Motion to Show Cause and the Motion for Contempt Sanctions, which raise nearly identical arguments and urge the court to sanction Defendant $1,000 per day for every day of non-compliance with the permanent injunction. (*See* Pl.'s

Second Mot. to Show Cause, ECF No. 68; Mot. for Contempt Sanction, ECF No. 75.) Second, following the court's revised summary judgment ruling, Plaintiff now seeks prejudgment interest under Ohio Revised Code § 1343.03(C). (Mot. for Prejudgment Int., ECF No. 74.) Finally, Defendant filed a counter Motion to Show Cause against Plaintiff and a Motion to Reconsider urging the court to revise its summary judgment decision. (Def.'s Mot. to Show Cause, ECF No. 65, Mot. to Reconsider, ECF No. 76.)

## II.  LAW AND ANALYSIS

### A.  Civil Contempt

The court's contempt power is circumscribed by federal statute:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Under this provision, a court can impose civil contempt sanctions to enforce compliance with its orders or to compensate for losses caused by the contempt. *In re Jacques*, 761 F.2d 302 (6th Cir.1985). Unlike criminal contempt sanctions, which can be imposed for punitive purposes, civil contempt sanctions are purely remedial. *Hopper v. Plummer*, 887 F.3d 744, 752–53 (6th Cir. 2018) (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)). To hold a party in civil contempt, the court must find by clear and convincing evidence that the party violated the court's prior order. *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991).

After reviewing the record, the court finds that a civil contempt sanction is neither necessary nor appropriate. Although Defendant failed to offer a coherent response to the court's Order to show

-3-

cause why he should not be held in contempt, (*see* Def.'s Resp. to Pl.'s First Mot. to Show Cause, ECF No. 63), the court finds that there is no need for a remedial sanction to compensate Plaintiff. Rule 36's procedural device conclusively established Plaintiff's past damages, resulting in a significant monetary judgment in Plaintiff's favor, but Plaintiff has not offered anything to substantiate his claim that he is suffering ongoing harm due to Defendant's alleged noncompliance with the court's injunction. Moreover, Plaintiff appears to be seeking sanctions for new statements that Defendant made recently. But such statements are not the subject of this case, and they do not fall within the scope of the present injunction. In light of these factors—Plaintiff's failure to identify any past harm that remains uncompensated, his apparent inability to substantiate his claims of any ongoing or future harm, and his attempt to shoehorn Defendant's unrelated statements into this action—the court finds no basis for a contempt sanction. Accordingly, the court denies Plaintiff's Second Motion to Show Cause and his Motion for Contempt Sanction.

**B.  Prejudgment Interest**

Under Ohio law, "[p]rejudgment interest is available in a civil action based on tortious conduct 'in which the court has rendered a judgment, decree, or order for the payment of money,' if the court determines that 'the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.'" *Corbin v. Steak n Shake, Inc.*, No. 2:17-CV-1043, 2020 WL 1899124, at *8 (S.D. Ohio Apr. 17, 2020) (quoting O.R.C. § 1343.03(C)(1)). Thus, whether to award prejudgment interest in tort cases "is addressed to the discretion of the district court." *Stallworth v. City of Cleveland*, 893 F.2d 830, 835 (6th Cir. 1990) (quoting *Molton v. City of Cleveland*, 839 F.2d 240 (6th Cir.1988)). A party has made a good faith effort "if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or

responded in good faith to an offer from the other party." *Id.* This good faith determination "is generally within the sound discretion of the trial court."[1] *Id.*

The court declines to award prejudgment interest here. As a threshold matter, a party seeking prejudgment interest must have fully cooperated in the discovery proceedings. But Plaintiff failed to do that. Indeed, Plaintiff ignored Defendant's discovery requests and flaunted the requirement under Federal Rule of Civil Procedure 26 to provide an initial computation of damages to Defendant. (*See* Def.'s Resp. in Opp. to Summ. J. at PageID #417, ECF No. 37.) Nor is the court persuaded that Plaintiff demonstrated good faith merely because he sent a single email to Defendant with a proposed settlement offer. Plaintiff's demand came only after the court's initial summary judgment ruling regarding liability, and there is no indication in the record that Plaintiff otherwise attempted to discuss settlement with Defendant. (*See* Pl.'s Ex. 1, ECF No. 74-1.) Moreover, as the court has repeatedly stated, *both* parties litigated this case in ways that were inefficient, ineffective, and unnecessarily combative. (*See* Order at PageID #594, ECF No. 54.) Accordingly, the court denies Plaintiff's Motion for Prejudgment Interest.

---

[1] Unlike the broad discretion district courts have whether to grant prejudgment interest for tort claims, "[p]rejudgment interest is mandatory for contract claims under Ohio Revised Code § 1343.03(A). No finding of good faith settlement efforts is required." *Thompson v. Citizens Nat'l Bank*, No. 1:14-CV-1197, 2016 WL 7238835, at *3 (N.D. Ohio Dec. 15, 2016).

Plaintiff's Motion fails to appreciate this distinction as he argues that prejudgment interest is mandatory in this case. The fact that Plaintiff urges the court to award prejudgment interest without a hearing further underscores his confusion. While courts can *deny* a request for prejudgment interest without a hearing, *see Corbin*, 2020 WL 1899124, at *8–9, Ohio Revised Code § 1343.03(C)(1) makes clear that courts cannot *grant* prejudgement interest unless they hold a hearing on the good faith issue. Regardless, even if Plaintiff had requested one, a hearing would be futile here because no testimony could cure his discovery failings.

**C.     Reconsideration**

In the Sixth Circuit, a motion for reconsideration is construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Under Rule 59(e), a district court may grant a motion to alter or amend the judgment if the movant shows: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quotation omitted). The purpose of Rule 59(e) is to give district courts an opportunity to fix their mistakes without going through a costly and unnecessary appeals process. *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). However, Rule 59 motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). In general, motions for reconsideration are disfavored. *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003), *aff'd*, 547 F.3d 297 (6th Cir. 2008).

Defendant's nonsensical Motions are meritless. His Motion to Show Cause asks the court to order Plaintiff to explain why Defendant "shouldn't be punished in any way"—in effect asking the court to reconsider its past rulings. (Def.'s Mot. to Show Cause at PageID #695, ECF No. 65.) The Motion to Reconsider is somewhat more coherent in that it explicitly urges the court to reconsider summary judgment under Rule 59. But neither Motion identifies any error of law, new evidence, intervening change in law, or manifest injustice. Instead, the Motions consist entirely of the same type of baseless threats and insults that Defendant has made throughout this case. Because Defendant's Motions are utterly devoid of merit, the court denies them both.

### III.  CONCLUSION

For the foregoing reasons, the court denies Plaintiff's Second Motion to Show Cause (ECF No. 68), Motion for Prejudgment Interest (ECF No. 74), and Motion for Contempt Sanction (ECF No. 75), as well as Defendant's Motion to Show Cause (ECF No. 65) and Motion to Reconsider (ECF No. 76).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 14, 2021