IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | Case No. 1:19-cv-2103/2589/2615/2786 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| MARTIN LINDSTEDT, | ) | THOMAS M. PARKER |
| | ) | |
| Defendants. | ) | |
| | ) | **ORDER** |

Pending before the court are several non-dispositive motions filed by plaintiffs Bryan Reo, Anthony Domenic Reo, and Stefani Rossi Reo. *See* ECF Doc. 92; ECF Doc. 93; ECF Doc. 112; ECF Doc. 113; ECF Doc. 114; ECF Doc. 121; ECF Doc. 122. For the reasons that follow:

(i) Plaintiffs' motion for leave to conduct additional discovery (ECF Doc. 93) is GRANTED IN PART and DENIED IN PART.

(ii) Plaintiffs' motion to compel (ECF Doc. 92) is DENIED AS MOOT.

(iii) Plaintiffs' motion to strike and deem requests for admission ("RFAs") admitted (ECF Doc. 114) is GRANTED IN PART and DENIED IN PART.

(iv) Plaintiffs' motion to amend or supplement their complaints (ECF Doc. 112) is DENIED.

(v) Defendant Martin Lindstedt's filings in ECF Doc. 98, ECF Doc. 102, ECF Doc. 105, ECF Doc. 106, ECF Doc. 107, ECF Doc. 108, ECF Doc. 109, ECF Doc. 111, ECF Doc. 115, and ECF Doc. 116 are SEALED.

(vi) Plaintiffs' remaining motions to strike (ECF Doc. 113, ECF Doc. 121, and ECF Doc. 122) are DENIED AS MOOT.

I.      **Motion for Leave to Conduct Additional Discovery**

Plaintiffs move to reopen discovery for a period of 90 days to obtain information Lindstedt failed to provide in each of the four cases prior to entry of judgment, remand, and consolidation and, particularly, to depose Lindstedt. ECF Doc. 93 at 2–3. Lindstedt responds that no further discovery is necessary because plaintiffs' claims concern defamatory statements he was alleged to have published on his website, which is publicly available online. Electronic Recording of May 18, 2023 Status Conference; *see also* ECF Doc. 98 at 2; ECF Doc. 102 at 2–3; ECF Doc. 108 at 2–3; ECF Doc. 115 at 4–5.

"Matters of docket control and conduct of discovery are committed to the sound discretion of the district court," including whether to reopen discovery. *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (internal quotation marks omitted); *see Grant v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. App'x 465, 467 (6th Cir. 2016). Opening discovery anew requires a showing of "good cause," the primary measure of which is the movant's diligence in obtaining the information he now seeks in time previously provided. Fed. R. Civ. P. 16(b)(4); *see Marcilis v. Twp. of Redford*, 693 F.3d 589, 597 (6th Cir. 2012). Five factors are relevant to that analysis: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

"Good cause" to reopen discovery has not been established. The issues that are the subject of discovery have been known to plaintiffs since the onset of litigation. Plaintiffs have also had ample time to pursue written discovery and depositions prior to the close of discovery: (i) 135 days (Case No. 1:19-cv-2103); (ii) 109 days (Case Nos. 1:19-cv-2589 and 1:19-cv-2786);

2

and (iii) 105 days (Case No. 1:19-cv-2615). Instead, plaintiffs elected to pursue summary judgment well ahead of the discovery deadlines based solely on Lindstedt's failure to respond to their RFAs. *See* ECF Doc. 34 (motion for summary judgment filed 95 days before the close of discovery); Case No. 1:19-cv-2589, doc. 43 (motion for leave to move for summary judgment filed 71 days before the close of discovery); Case No. 1:19-cv-2615, doc. 18 (motion for summary judgment filed 61 days before the close of discovery); Case No. 1:19-cv-2786, doc. 24 (motion for leave to move for summary judgment also filed 71 days before the close of discovery). A deliberate choice to forego potential discovery in the time provided – based upon a tactical gambit – is not the equivalent of diligence.

      Moreover, plaintiffs have not argued that they would be disabled from proving their case absent further discovery. They have not attempted to rebut Lindstedt's assertion that the allegedly defamatory statements are publicly available and readily accessible online. And plaintiffs presumably are in control of all evidence necessary to establish damages, save for expert evidence, which plaintiffs do not seek to pursue in their motion to reopen discovery. *See* ECF Doc. 59 at 6–8; *see also* ECF Doc. 67 at 2; ECF Doc. 67-1 at 5–8. All told, the court finds "good cause" to reopen discovery lacking.

      That said, the court, in the excise of its discretion to control the docket and manage discovery, will require that Lindstedt to respond to plaintiffs' interrogatories and requests for production of documents in each of the four cases and to file those with the court. Lindstedt is advised that only proper objections and answers which directly address the substance of the interrogatory question or request for production will be accepted as responsive, vituperation and

baseless objections will not.[1] To the extent the responsive documents are publicly available online, Lindstedt must indicate which requests for production can be satisfied by going to his website and identify where on his website they are located. *See EEOC v. Dolgencorp, LLC*, 196 F. Supp.3d 783, 796–97 (E.D. Tenn. 2016) (stating that, despite the general rule that parties cannot withhold discovery simply because it the requesting party could discover it on his own, "a number of courts have recognized that there is no discovery obligation to produce documents in the public record that are equally available to both parties."); *see also* 7 Moore's Federal Practice, § 34.12(5)(b) (3d ed. 2023) ("A court may refuse to order production of documents of public record that are equally accessible to all parties").

Accordingly, plaintiffs' Motion to Conduct Additional Discovery is GRANTED IN PART and DENIED IN PART. The court ORDERS that Lindstedt shall have until July 27, 2023 to serve plaintiffs with responses to interrogatories and requests for production in each of the four cases. Further, Lindstedt is hereby ORDERED to file those responses with the court.

**II.     Motion to Compel Discovery**

Plaintiffs separately move for an order compelling Lindstedt to produce the interrogatories and requests for production served in each of the four cases. ECF Doc. 92. In light of the above order requiring Lindstedt to produce responses and cause those responses to be filed with the court, plaintiffs' motion to compel (ECF Doc. 92) is DENIED AS MOOT.

---

[1] The court notes that Lindstedt included in ECF Doc. 106 answers to interrogatories from Case No. 1:19-cv-2615, consisting entirely of objections. ECF Doc. 106 at 2-3. Lindstedt may amend his responses or rest on his objections.

4

**III.     Motion to Strike and Deem RFAs Admitted**

Plaintiffs move to strike Lindstedt's handwritten responses to their RFAs, which Lindstedt filed with the court on May 19, 2023, and either deem the RFAs admitted or require proper responses to be filed within seven days.  ECF Doc. 114.  Plaintiffs also propose entry of default judgment as a sanction for Lindstedt's conduct throughout the course of discovery.  ECF Doc. 114 at 15.  As grounds, plaintiffs argue that: (i) Lindstedt's handwriting is illegible, in violation of Local Rule 10.1; (ii) Lindstedt purposely delayed filing his responses with the court; (iii) Lindstedt's responses include content which the court previously indicated would be non-responsive and subject to striking; and (iv) Lindstedt has continued to represent himself as acting on behalf of his church.  *See* ECF Doc. 114 at 5–10, 12–15.  No response to plaintiffs' motion to strike can be gleaned from Lindstedt's post-motion filings.

Parties to a litigation may serve upon one another written requests to admit the truth of any matter within the scope of discovery.  Fed. R. Civ. P. 36(a)(1).  The party upon whom request for admission have been served can respond in one of three ways: (i) admit the request; (ii) "specifically deny" the request; or (iii) "state in detail why" the responding party can neither admit nor deny the request, such as lack of knowledge.  Fed. R. Civ. P. 36(a)(4).  The responding party may also "qualify an answer or deny only a part of a matter," provided the responding party "specify the part admitted and qualify or deny the rest."  *Id.*  If the court finds that an answer fails to comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a)(6).  Any redundant, immaterial, impertinent, or scandalous matter may be stricken.  Fed. R. Civ. P. 12(f).

The court finds no basis for deeming the entirety Lindstedt RFA responses admitted and declines to otherwise strike them because of their content.  Plaintiffs have not identified the

5

specific RFA responses they contend are illegible. Despite that omission, the court has independently read all 131 of Lindstedt's responses and finds them sufficiently legible to discern their substance.

Plaintiffs are correct that Lindstedt's responses are untimely. Lindstedt was required to serve his responses to plaintiffs and cause those responses to be filed on the docket by not later than May 15, 2023. ECF Doc. 91 at 3. Lindstedt indicated at the May 18, 2023 status conference that he timely emailed the responses to plaintiffs, which plaintiffs have not disputed. Electronic Recording of May 18, 2023 Status Conference. However, the responses were not filed until May 19, 2023. And the attached envelopes reflect that they were delivered for mailing to the court on May 16, 2023. ECF Doc. 105-1; ECF Doc. 106-1; ECF Doc. 107-1; ECF Doc. 109-1. Nevertheless, the court finds the delay harmless and declines to either strike or deem the RFAs admitted on that basis.

Plaintiffs are also correct that several of Lindstedt's responses contain language which the court previously warned would not be acceptable as responsive. ECF Doc. 91 at 4. The overwhelming majority of Lindstedt's responses, however, comply with Rule 36 insofar as they plainly admit or deny the RFA. *See* ECF Doc. 105 at 4–7 (RFAs 1-4 and 10-29, concerning Case No. 1:19-cv-2786); ECF Doc. 106 at 3–7 (RFAs 1-4, 8-21, 23-29, concerning Case No. 1:19-cv-2615); ECF Doc. 107 at 4–8 (RFAs 1-5, 7-10, 12, 14, 16-35, concerning Case No. 1:19-cv-2589); ECF Doc. 109 at 4–8 (RFAs 2-4, 7-9, 13-14, 19-20, 23, 25-26, and 28-38, concerning Case No. 1:19-cv-2103).

Most of the RFAs to which Lindstedt gave partial admissions or denials, when read liberally, also comply with Rule 36. Start with RFAs 1, 10-11, 17, and 22 of the lead docket. Lindstedt's response to RFA 1 admitted that he knew Bryan Reo was a resident of Ohio since

6

October 2010, effectively admitting the matter asserted (that Lindstedt knew of Bryan Reo's Ohio residency at all times relevant to the allegations in the complaint, i.e., from 2015 onwards). ECF Doc. 109 at 4. Lindstedt's responses to RFA 10 and 11 admitted that on September 14, 2018 he published statements asserting that Bryan Reo had "engaged in stalking" and "stalked a man for the purposes of coercing homosexual sexual conduct" but denied the assertion that the statements were false and defamatory and qualified that his admission was limited to a "man" called "Victor Switzer." ECF Doc. 109 at 5. Similarly, regarding RFA 17, Lindstedt admitted to publishing on October 2, 2018 a statement asserting that Bryan Reo engaged in perjury but effectively denied the characterization that the statement was false and defamatory. ECF Doc. 109 at 6. Put differently, Lindstedt admitted to publishing the allegedly defamatory statements but did not admit to their falsity or defamatory nature. And Lindstedt's response to RFA 22 admitted to publishing on November 8, 2018 a statement regarding Bryan Reo's travel plans to South America but, in the qualifying language, effectively denied that it was to Paraguay specifically or that the purpose of the travel was to obtain sex reassignment surgery. ECF Doc. 109 at 6-7.

Lindstedt also gave partial admissions to RFA 15 and 27. RFA 15 asked Lindstedt to admit that he published on September 17, 2018 a false and defamatory statement asserting that Bryan Reo conspired with an Ohio judge to "corrupt jury proceedings in June of 2019." ECF Doc. 109 at 6. Lindstedt responded: "Denied in part but judges and corrupt lawyers work together to achieve a desired result." *Id.* It is unclear from Lindstedt's answer and vague qualification what portion of the RFA is being denied and which isn't. However, when read in context with his other partial denials, the court finds the statement to be another admission to publishing the alleged statement but a denial to its falsity or defamatory nature.

7

RFA 27 asked Lindstedt to admit that he was "liable to [Bryan Reo] for intentional infliction of emotional distress for the reasons articulated in Paragraphs 41 through 45 of Plaintiff's Complaint." ECF Doc. 109 at 7. Lindstedt partially admitted and denied the RFA, without an indication of what about the RFA or the complaint was being admitted or denied. *See id.* However, the RFA is not deemed admitted because it calls for a legal conclusion, i.e., whether Lindstedt acted tortiously. *See* Case No. 1:19-cv-2615, doc. 37 (concluding similarly); *see also United States v. Petroff-Kline*, 557 F.3d 285, 293–94 (6th Cir. 2009) (stating that RFAs which target the ultimate legal issue in the case are problematic). Moreover, RFA 27 pertains to Bryan Reo's Count Three claim for intentional infliction of emotional distress, which the court dismissed upon entry of summary judgment. ECF Doc. 44 at 15. Dismissal of that claim was unaffected by the Sixth Circuit's remand decision, which only concerned the entry of judgment against Lindstedt. Thus, the matter is moot.

The only partial admission was in response to RFA 15 of Case No. 1:19-cv-2589. ECF Doc. 107 at 5. Bryan Reo asked Lindstedt to admit that on September 10, 2019 he published a statement asserting that Bryan Reo "extorted [Lindstedt] in connection with a valid duly issued judgment [Bryan Reo] obtained against [Lindstedt] from Lake County Court of Common Pleas." *Id.* Lindstedt admitted the RFA in part, qualifying that "Bryan Reo has been extorting [Lindstedt] since July 1, 2019." *Id.* Read liberally, Lindstedt admitted to publishing the statement but denied its falsity. *Id.*

Although the vast majority of Lindstedt's responses suffice to comply with Rule 36, others do not. Start again with the lead case. RFAs 5 and 6 asked Lindstedt to admit that barratry was defined as the "use of vexatious litigation or the incitement to it" and that barratry "constitutes unprofessional conduct pursuant to the Ohio Rules of Professional Conduct." ECF

8

Doc. 109 at 4–5. Lindstedt objected on the basis that he had "learned to be wary of Bryan Reo barratry" and that "Bryan Reo has no fear of the Ohio lawyer code." *Id.* Neither constitutes a proper objection. Lindstedt gave similarly unsubstantiated objections to RFAs 12 and 18 (whether stalking and perjury were crimes under Ohio law), RFAs 16 and 21 (whether it would violate the Ohio Rules of Professional conduct to conspire with a judge to corrupt jury proceedings or file frivolous complaints), and RFA 24 (whether Lindstedt statements were published to third parties). ECF Doc. 109 at 5–7. **RFAs 5, 12, and 24 are deemed admitted**. RFAs 16, 18, and 21 are disregarded as seeking improper legal conclusions.

Lindstedt also lodged unsubstantiated objections in the RFAs related to Case No. 1:19-cv-2589, namely RFA 6 (whether bribery and improper influence of a judge would constitute unprofessional conduct under the Ohio Rules of Professional Conduct), RFA 11 (whether incest is a criminal offense in Missouri), and RFA 13 (whether adultery is immoral and offensive by reasonable community standards in Ohio and Missouri). ECF Doc. 107 at 4–5. **RFAs 6 and 11 are deemed admitted**. RFA 13 is disregarded as seeking an improper legal conclusion.

In Case No. 1:19-cv-2615, Lindstedt failed to respond to RFA 22, which asked him to admit that Anthony Domenic Reo was a "non-public figure." ECF Doc. 106 at 6. Lindstedt's objections to RFAs 6 and 7 (whether incest was a crime in Missouri and Ohio) were unsubstantiated. ECF Doc. 106 at 4. And Lindstedt's objection that he lacked possession of Merriam-Webster's online dictionary, in response to RFA 5 (whether incest was defined by Meriam-Webster "as sexual intercourse between persons so closely related that they are forbidden by law to marry also: the statutory crime of engaging in such intercourse") is improper because the information is readily obtainable. ECF Doc. 106 at 2, 4. **RFAs 5-7 and 22 are deemed admitted**.

9

And in Case No. 1:19-cv-2786 Lindstedt made baseless objections to RFAs 5 and 6 (whether prostitution was a crime in Ohio and Missouri) and RFA 7 (whether prostitution could result in a finding of inadmissibility for immigration purposes). ECF Doc. 105 at 4–5. **RFA 5 and 6 are deemed admitted**, but RFA 7 is disregarded as seeking an improper legal conclusion. Lindstedt's objections to RFA 8 (whether Stefani Rossi Reo ever engaged in prostitution) and RFA 9 (whether Stefani Rossi Reo was a biological female), liberally construed, are best understood to be denials. *See* ECF Doc. 105 at 5 ("How is Pastor Lindstedt to find out one way or another about something not alleged."); *see id* ("Don't know.").

That leaves plaintiffs' request to strike the non-responsive aspects of Lindstedt's filings. We look to the Sixth Circuit for guidance. On appeal from the entry of judgment in all four cases, plaintiffs moved to strike Lindstedt's appellate brief because of its disparaging content. CM/ECF for U.S. Ct. of App. for the Sixth Cir., Case No. 21-3633, doc. 16. The Court did not address plaintiffs' motion. *See id.*, docket. Nor did the Court express itself on the content of Lindstedt's filing. *See Reo v. Lindstedt*, No. 21-3633/3661/4191/22-3025, 2022 U.S. App. LEXIS 33947, at *2–3 (6th Cir. Dec. 8, 2022) (unreported). The Court's focus was instead on the merits of the appeal, mooting the pending motion to strike. *See id.* We shall follow suit and consider Lindstedt's filings only to the extent they have substance.

That is not to say that no action will be taken at all. Section V, below, details what that will be. For purposes of plaintiffs' motion, it is DENIED AS MOOT with respect to their request to strike, DENIED with respect to their request for entry of default judgment as a sanction, and GRANTED IN PART with respect to their request to deem admitted the RFAs.

IV.     **Motion for Leave to Amend**

Plaintiffs move for leave to amend their complaints in order to revive their Count Three claim for intentional infliction of emotional distress and their Count Four claim for a permanent injunction. ECF Doc. 112. Plaintiffs argue that these claims were withdrawn for the sake of expediting entry of final judgment on their motions for summary judgment, which they are "no longer willing" to do in light of the remand from the Sixth Circuit. ECF Doc. 112 at 3. The proposed complaints, plaintiffs assert, would be the same ones already on the docket. *Id.* And if leave to amend is not granted, they argue that they will have to start four new cases. *Id.* Lindstedt opposes the motion. ECF Doc. 116.

Leave to amend is appropriate when "justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Circumstances which counsel against granting leave to amend include undue delay, the movant's bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-movant, and futility of the amendment. *Id.*

The court declines plaintiffs' request to revive their claims. As indicated above, the court in the lead case granted summary judgment and dismissed Bryan Reo's intentional infliction of emotional distress claim. Bryan Reo did not contest that dismissal on appeal. So, the claim cannot now be revived; final judgment has been entered. *Eclipse Resources-Ohio, LLC v. Madzia*, No. 15-CV-177, 2016 U.S. Dist. LEXIS 153371, at *7 (S.D. Ohio Nov. 4, 2016).

In Case No. 1:19-cv-2615, the assigned magistrate judge recommended that the intentional infliction of emotional distress claim be dismissed. Case No. 1:19-cv-2615, doc. 37 at 19–20. But the court never got the chance to act on the recommendation because Anthony Domenic Reo moved to dismiss the claim without prejudice, which the court granted. Case No.

11

1:19-cv-2615, doc. 37 at 19–20, doc. 51. Plaintiffs cannot circumvent an adverse ruling by voluntarily dismissing and then seeking to revive what would have been a dismissed claim. *See Schlacter-Jones v. General Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").

In Case Nos. 1:19-cv-2589 and 1:19-cv-2786, the assigned magistrate judge recommended denying summary judgment on the intentional infliction of emotional distress and permanent injunction claims. Case No. 1:19-cv-2589, doc. 78 at 12–13; Case No. 1:19-cv-2786, doc. 39 at 11–12. Plaintiffs subsequently consented to the dismissal or moved to dismiss the claims. Case No. 1:19-cv-2589, doc. 87 (motion to dismiss); Case No. 1:19-cv-2786, doc. 42 at 10 (objection consenting to the dismissal of Stefani Rossi Reo's intentional infliction of emotional distress and permanent injunction claims if the court entered judgment in her favor). Plaintiffs could have continued to pursue their claims in spite of that but chose not to. Choices made in the interest of tactical advantage do not warrant granting leave to amend. *See Walsh v. Versa Cret Contr. Co.*, 21-CV-05697, 2023 U.S. Dist. LEXIS 87517, at *14 (E.D. N.Y. May 18, 2023).

The court notes that plaintiffs are not likely to be prejudiced by not being able to pursue their intentional infliction of emotional distress claims and two of the four permanent injunction claims. As has been stated previously, "the damages for an intentional infliction of emotional distress claim would already be encompassed in the damages [they seek] for [their] other claims." Case No. 1:19-cv-2589, doc. 78 at 12. Bryan Reo has a live permanent injunction claim in Case No. 1:19-cv-2103, which, if granted, could overlap in scope with the one dismissed in Case No. 1:19-cv-2589. And Anthony Domenic Reo and Bryan Reo have legal

remedies available for Lindstedt's allegedly defamatory statements other than to permanently enjoin Lindstedt. Case No. 1:19-cv-2589, doc. 78 at 14; Case No. 1:19-cv-2786, doc. 39 at 14.

Plaintiffs' motion for leave to amend (ECF Doc. 112) is DENIED.

## V.     Vituperation

On April 11, 2023, the court issued a post-consolidation order admonishing Lindstedt's inclusion "in his filings repetitive and irrelevant arguments, race- and gender-based slurs, implied threats, and insulting allegations." ECF Doc. 91 at 3. Lindstedt was warned that "the court will not tolerate any such content in future filings[.]" *Id.* Despite that, Lindstedt has continued to include vituperation in every filing to date. *See* ECF Doc. 98 at 4; ECF Doc. 102 at 1-3; ECF Doc. 105 at 3; ECF Doc. 106 at 4; ECF Doc. 107 at 6; ECF Doc. 108 at 1–3; ECF Doc. 109 at 7; ECF Doc. 111 at 1, 5; ECF Doc. 115 at 1, 3–4, 6, 8; ECF Doc. 116 at 1, 3–5; ECF Doc. 117 at 1–5. And plaintiffs have responded with a litany of motions to strike. *See* ECF Doc. 99; ECF Doc. 113; ECF Doc. 114; ECF Doc. 121; ECF Doc. 122.

The ordinary remedy to address the inclusion of scandalous matter in a pleading would be simply to have it stricken. Fed. R. Civ. P. 12(f). However, Lindstedt has not been deterred from vituperation by the court's previous orders striking his pleadings or plaintiffs many motions. This renders striking inefficient. And, moreover, Lindstedt often embeds substantive, relevant argument within the same filings. Given the liberal pleading standards to which pro se litigants are entitled and the Sixth Circuit's example, the court and its staff would therefore have to delineate in each order striking Lindstedt's pleadings which portions are being stricken and which ones are not. As an alternative, the court finds sealing Lindstedt's filings appropriate.

There is a presumption of public access to court records grounded on the public's "strong interest in obtaining the information contained in the court record [and] what evidence and

13

records [the court] relied upon in reaching [its] decisions." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180–81 (6th Cir. 1983). Whether or not to seal court records is a matter of court discretion. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 473–74 (6th Cir. 1983). When exercised, the court must explain "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016).

Here, Lindstedt's vituperation serves no other purpose than to harass and needlessly prolong the litigation. Sealing his filings would deprive Lindstedt of a public forum by which to continue to demean and degrade plaintiffs, undermine the court's authority, and make threats. Sealing Lindstedt's filings would also vindicate the court's authority to protect the due and orderly administration of justice and maintain its authority and dignity. *See Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005). And sealing would allow the parties and the court to reorient their focus on bringing the case forward to final disposition on the merits rather than interminable battles over the content of Lindstedt's filings.

By contrast, the court finds that the public would have little interest in the content of Lindstedt's filings. Lindstedt filings largely consist of repetitive: (i) descriptions of his white supremacist views and claims against plaintiffs; and (ii) insults, slurs, and threats directed against adverse parties and the courts. Nor does the court consider the subject matter of the lawsuit (allegedly defamatory statements published by one individual on the internet) of sufficient interest to offset the reasons stated above. Lastly, the scope of the seal is limited in scope. The seal would only affect Lindstedt's post-consolidation filings, to which only the parties and the court would have access.

Thus, the court ORDERS Lindstedt's filings in ECF Doc. 98; ECF Doc. 102; ECF Doc. 105; ECF Doc. 106; ECF Doc. 107; ECF Doc. 108; ECF Doc. 109; ECF Doc. 111; ECF Doc. 115; and ECF Doc. 116 SEALED.  The court further ORDERS that access to these filings be limited to the parties and the court.  Should any future filing of Lindstedt contain vituperation, the filing shall be subject to this order and sealed.

Plaintiffs' remaining motions to strike (ECF Doc. 113; ECF Doc. 121; and ECF Doc. 122) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: June 27, 2023

Thomas M. Parker
United States Magistrate Judge