IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, | ) Case No. 1:19-cv-2103/2589/2615/2786 |
| ) | |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. | ) MAGISTRATE JUDGE |
| ) THOMAS M. PARKER | |
| MARTIN LINDSTEDT, | ) |
| ) | |
| Defendant. | ) **REPORT AND RECOMMENDATION** |
| ) | |

Currently before the court is a motion to dismiss counterclaims filed by plaintiffs Bryan Reo and Stefani Rossi Reo. ECF Doc. 94. Plaintiff Bryan Anthony Reo ("Bryan"), and Plaintiff Stefani Rossi Reo ("Stefani") are pursuing separate and related defamation and false light actions filed against Defendant Martin Lindstedt. These two actions have been consolidated with two other related cases in the instant proceeding. Lindstedt submitted the same amended answers and counterclaims in both actions and seemingly asserts the following counterclaims against Bryan and Stefani: (i) malicious civil prosecution; (ii) abuse of process; and (iii) defamation. Lindstedt also asserts two counterclaims solely against Bryan: (i) civil conspiracy to violate Lindstedt's and his church's First Amendment rights and steal his land inheritance; and (ii) spoliation of evidence. Plaintiffs jointly move to dismiss Lindstedt's counterclaims under Fed. R. Civ. P. 12(b)(6), arguing that Lindstedt has failed to state a claim upon which relief may be granted. First, I recommend that the Court construe Plaintiffs' late-filed Rule 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Second, because

Lindstedt arguably stated valid defamation *per se* claim against Bryan and Stefani, I recommend that the Court DENY in part plaintiffs' construed motion for judgment on the pleadings as to these counterclaims. Finally, because Lindstedt has failed to state claims upon which relief may be granted for malicious civil prosecution and abuse of process against Bryan and Stefani, and has also failed to state claims upon which relief may be granted for civil conspiracy and spoliation of evidence against Bryan, I recommend that the Court GRANT plaintiffs' construed motion for judgment on the pleadings as to these remaining claims.

**I.   Background**

Plaintiffs Bryan and Stefani are married to each other and reside in Lake County, Ohio. Bryan is authorized to practice law in Ohio. Defendant Lindstedt is a pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby, Missouri. Lindstedt is representing himself in this action. ECF Doc. 1. Previously, Bryan filed a lawsuit against Lindstedt and his church in Lake County Court of Common Pleas for libel and false light for statements made by Lindstedt in 2015 and 2016 ("The Lake County litigation"). ECF Doc. 1-1 at ¶7. The Lake County litigation resulted in a $105,000.00 jury verdict in Bryan's favor against Lindstedt and his church in June 2019. *Id.* Lindstedt has appealed to the Ohio Court of Appeals.[1] CM/ECF for Northern District of Ohio, Case No. 1:19-cv-2589 ("19cv2589 Dkt."), ECF Doc. 17 at 27.

The instant lawsuits (1:19-cv-2589 and 1:19-cv-2786) were consolidated in the instant proceeding (1:19-cv-2103) after remand from the Sixth Circuit. ECF Docs. 85, 88. The instant lawsuits involve claims arising from allegedly defamatory statements made by Lindstedt about Bryan and Stefani after the judgment was issued in the Lake County litigation. In *Bryan*

---

[1] Lindstedt has filed several appeals related to the Lake County litigation.

*Anthony Reo v. Martin Lindstedt*, No. 1:19-cv-2589, Bryan alleges that in August 2019 Lindstedt published defamatory statements at http://whitenationalist.org accusing Bryan of bribing a Missouri state judge with sexual favors. 19cv2589 Dkt., ECF Doc. 1-3 at ¶7. He further alleges that Lindstedt published more statements in September 2019 accusing Bryan of an incestual relationship with his father and of having an extramarital affair. *Id.* at ¶20. In *Stefani Rossi Reo v. Martin Lindstedt*, No. 1:19-cv-2786, Stefani alleges that, among other defamatory statements, Lindstedt published false statements that she is "a transgender prostitute" and that her husband is a homosexual. CM/ECF for Northern District of Ohio, Case No. 1:19-cv-2786 ("19cv2786 Dkt."), ECF Doc. 1-2 at ¶11. She also claims that Lindstedt has published statements that she is barren and incapable of having a child. *Id.* at ¶21. In total, Bryan filed four actions against Lindstedt in the state court, two on his own behalf (1:19-cv-2103 and 1:19-cv-2589), one on behalf of Stefani, his wife (1:19-cv-2786), and another lawsuit on behalf of his father, Anthony Domenic Reo (1:19-cv-2615). Lindstedt removed all four cases, pursuant to 28 U.S.C. § 1441 alleging federal question and diversity jurisdiction. Lindstedt claims that these four cases represent a coordinated effort by Bryan, his family, and his lawyers to "steal" Lindstedt's 1,800-acre property in South Dakota. ECF Doc. 29 at ¶¶37-41.

      In the instant actions, based on the statements Bryan and Stefani allege Lindstedt made, the relevant complaints assert the same claims: (i) a common law claim for defamation (Count I), (ii) a common law claim for invasion of privacy (Count II), (iii) a common law claim for intentional infliction of emotional distress (Count III), and (iv) a claim for a permanent injunction (Count IV). *See* 19cv2589 Dkt., ECF Doc. 1-3 at ¶¶37-63; 19cv2786 Dkt., ECF Doc. 1-2 at ¶¶24-59.

3

Arguably, Lindstedt's amended answers in these actions attempt to assert five counterclaims against Bryan and three counterclaims against Stefani. First, he asserts a claim that Bryan and Stefani defamed him by calling him a "convicted child molester" and "pedophile." 19cv2589 Dkt., ECF Doc. 17 at 32; 19cv2786 Dkt., ECF Doc. 13 at 32.[2] Second, he asserts malicious prosecution and abuse of process claims against Bryan and Stefani. 19cv2589 Dkt., ECF Doc. 17 at 2, 17, 22, 33. Third, he asserts a civil conspiracy claim against Bryan. *Id.* at 8. Finally, he asserts a spoliation of evidence claim against Bryan, alleging that he deliberately destroyed a Quora post in which Bryan talked about marital issues between himself and Stefani. *Id.* at 17, 36. Plaintiffs have jointly moved to dismiss Lindstedt's counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). However, Rule 12(b) also provides that such a motion "must be made ***before*** pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). Here, Bryan and Stefani each filed answers to Lindstedt's "countercomplaints" on May 24, 2020, 19cv2589 Dkt., ECF Doc. 40; 19cv2786 Dkt., ECF Doc. 23, before they filed the instant joint motion to dismiss Lindstedt's counterclaims on February 24, 2016, ECF Doc. 94. Accordingly, plaintiffs' motion to dismiss pursuant to Rule 12(b)(6) is untimely, but it can be construed and considered as a Rule 12(c) motion.

When considering a late-filed Rule 12(b)(6) motion, the Sixth Circuit has determined that, "'as a matter of motions practice, such a motion may be properly considered as one for

---

[2] For the sake of efficiency, citations moving forward will only be provided for the amended answers in case no. 1:19-cv-2589 because the amended answers in both instant actions are essentially identical. *Compare* 19cv2589 Dkt., ECF Doc. 17, *with* 19cv2786 Dkt., ECF Doc. 13.

judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6).'" *Braun v. Ultimate Jetcharters, Inc.*, 2013 U.S. Dist. LEXIS 22325, 2013 WL 623495, *2 (N.D. Ohio, Feb. 19, 2013) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, n. 1 (6th Cir. 1988) (construing a post-answer Rule 12(b)(6) motion as a Rule 12(c) motion)); *see also Satkowiak v. Bay Cnty. Sheriff's Dep't,* 47 Fed. Appx. 376, 377 n.1 (6th Cir. 2002); 5C Wright & Miller, Federal Practice and Procedure § 1368 (2016) ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts typically will construe . . . a late Rule 12(b) motion . . . as if it were brought under Rule 12(c)."). Moreover, pursuant to Fed. R. Civ. P. 12(h), the defense of failure to state a claim upon which relief can be granted is not subject to waiver and may be raised in: (i) a responsive pleading; (ii) a motion under Rule 12(c); or (iii) at trial. Fed. R. Civ. P. 12(h). For these reasons, I recommended that the Court construe plaintiffs' Rule 12(b)(6) motion to dismiss as a motion for judgment on the pleadings pursuant to Rule 12(c).

### III.    Fed. R. Civ. P. 12 (c) – Motion for Judgment on the Pleadings

After the pleadings have closed, a defendant may move for judgment on the pleadings under Rule 12(c) on the basis that a plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). When a party moves for dismissal of a complaint pursuant to Rule 12(b)(6) on the basis that it "fail[s] to state a claim upon which relief can be granted," that party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Under Fed. R. Civ. P 8(a), a complaint must

5

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a). The complaint must provide the opposing party with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. 2019). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. V. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D. Ohio Nov. 3, 2011). It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit recognizes that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

6

Here, plaintiffs argue that Lindstedt's counterclaims should be dismissed because Lindstedt failed to articulate any cognizable or valid cause of action. They also argue that Lindstedt did not otherwise comply with the pleading requirements under Rule 8(a), as his counterclaims are not separately designated, appear interspliced with Lindstedt's denials of the allegations asserted by plaintiffs in their individual complaints, and do not provide a short and plain statement showing that Lindstedt is entitled to relief. ECF Doc. 94 at 1-3. Plaintiffs identify the spoliation of evidence claim against Bryan but do not otherwise attempt to identify any other claims that Lindstedt has asserted. *Id.* at 3-4. In his response to plaintiffs' motion to dismiss, Lindstedt did not address their arguments but seemingly asserts that the court should dismiss the consolidated actions – both plaintiffs' complaints and his own counterclaims. *See* ECF Doc. 111 at 1-5. Because pro se pleadings must be held to a less stringent standard than those drafted by attorneys and must be liberally construed by the court, *see Erickson*, 551 U.S. at 94, I will address Lindstedt's five counterclaims in turn.

    A.    **Malicious Civil Prosecution**

Lindstedt arguably alleges that Bryan and Stefani engaged in both abuse of legal process and malicious prosecution when they initiated the four actions that have been consolidated in the instant proceeding: case nos. 1:19-cv-2103, 1:19-cv-2589, 1:19-cv-2615, and 1:19-cv-2786. 19cv2589 Dkt., ECF Doc. 17 at 2, 17, 22, 33.

"In order to state a cause of action for malicious civil prosecution under Ohio law, four essential elements must be alleged: (1) the malicious institution of prior proceedings against the plaintiff by defendant, (2) a lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings." *Robb v. Chagrin Lagoons Yacht Club,*

7

*Inc.*, 75 Ohio St. 3d 264, 1996-Ohio-189, 662 N.E.2d 9 (Ohio 1996) (syllabus). Regarding the fourth element, the Supreme Court of Ohio has affirmed that "[a] cause of action for malicious civil prosecution will lie only in cases where there is a prejudgment seizure of property, *i.e.*, [when] there essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself." *Id.* at 270. Thus, a party fails to state a claim for malicious civil prosecution and dismissal is appropriate when that party fails to allege that a prejudgment seizure has occurred. *See id.* ("[I]n order to properly assert a claim of malicious civil prosecution, appellants were required to satisfy the seizure element. Since appellants presented no evidence of seizure, we affirm the judgment of the appellate court on this issue."); *Gray v. Hamilton*, 845 F. App'x 445, 447 (6th Cir. 2021) (affirming the dismissal of a malicious civil prosecution claim under Ohio law because the plaintiff failed to plead a prejudgment seizure).

Here, Lindstedt has failed to state a claim for malicious civil prosecution against Bryan and Stefani because, at a minimum, he did not allege facts to support two of the necessary elements. First, he has not alleged that any of the prior proceedings were terminated in his favor. In fact, Lindstedt cannot make such an allegation, as all four cases cited in his countercomplaints are still pending in the instant consolidated proceeding. Second, Lindstedt has not alleged any seizure of property as a result of the instant actions.[3] Accordingly, I recommend that Lindstedt's counterclaims for malicious prosecution against Bryan and Stefani be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(c).

---

[3] Even if Lindstedt alleged that the Lake County litigation was the basis of a claim for malicious civil prosecution against Bryan, that claim would similarly fail because Lindstedt has not alleged or provided evidence that there was a prejudgment seizure of property during the Lake County litigation. Moreover, all parties agree that the Lake Count action was not terminated in Lindstedt's favor. *See* 19cv2589, ECF Doc. 17.

### D. Abuse of Process

Under Ohio law, the tort of abuse of process has three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298, 1994- Ohio 503, 626 N.E.2d 115; *see also Voyticky v. Vill. Of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "'Abuse of process' differs from 'malicious prosecution' in that the former connotes the use of process properly initiated for improper purposes, while the latter relates to the malicious initiation of a lawsuit which one has no reasonable chance of winning." *Robb*, 662 N.E.2d at 14 (quoting *Clermont Envtl. Reclamation Co. v. Hancock*, 16 Ohio App. 3d 9, 11, 16 Ohio B. 9, 474 N.E.2d 357 (12th Dist.1984)).

Here, Lindstedt failed to sufficiently plead the first element—that "a legal proceeding has been commenced in proper form and with probable cause." Notably, an "[a]buse of process will not lie for the wrongful initiation of an action but only for the improper use, or 'abuse' of an action." *Gillman v. Schlagetter*, 777 F. Supp. 2d 1084, 1099 (S.D. Ohio 2010) (citing *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1010 (S.D. Ohio 2002)). As a result, "a plaintiff cannot base an abuse of process claim upon the assertion that an action was improperly initiated." *Id.* However, this is the exact approach Lindstedt has adopted in his counterclaims against Bryan and Stefani. He has made no allegations that Bryan or Stefani commenced the relevant actions for legitimate purposes but instead asserts that all four actions are "bogus,"[4] "frivolous,"[5] and

---

[4] Bogus is defined as "[n]ot genuine, counterfeit." Bogus, Black's Law Dictionary (11th ed. 2019).
[5] Frivolous is defined as "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law." Frivolous, Black's Law Dictionary (11th ed. 2019).

"absent any merit." ECF Doc. 17 at 6-7, 12, 14, 19, 22, 33-35. These statements essentially amount to an allegation that Bryan and Stefani lacked probable cause to initiate the relevant actions. *See Moore v. Feldman*, No. 2:16-cv-00200, 2017 U.S. Dist. LEXIS 39855, at *7 (S.D. Ohio Mar. 20, 2017) (finding that a defendant had failed to sufficiently plead the first element of a counterclaim for abuse of process when that defendant alleged that the plaintiff's claims were frivolous and falsely asserted). Thus, Lindstedt failed to sufficiently allege the required element that Bryan's and Stefani's actions were properly instituted with probable cause. Accordingly, I recommend that Lindstedt's counterclaims for abuse of process against Bryan and Stefani be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(c).

### D. Defamation

Lindstedt alleges that Bryan and Stefani defamed him by publishing statements that Lindstedt is a "pedophile" and a "convicted child molester." 19cv2589 Dkt., ECF Doc. 17 at 32. The essential elements of a defamation claim are: (1) a false statement, (2) that is defamatory, (3) was published, (4) injured the plaintiff, and (5) defendant acted with the required degree intent. *Sygula v. Regency Hosp. of Cleveland E.*, 64 N.E.3d 458, 465 (Ohio Ct. App. 2016). There is little doubt that being called a "pedophile" and a "convicted child molester" could be defamatory. Arguably, Lindstedt has sufficiently alleged that Bryan and Stefani published defamatory statements. Furthermore, one may readily conclude that charging someone who has not been convicted with being a "convicted" child molester is also false and defamatory. Actionable defamation is "an injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business." *Snyder v. Ag Trucking, Inc.*, 57 F.3d 484, 489 (6th Cir. 1995). When the statement "consists of words which import an indictable criminal offense involving moral turpitude or

10

infamous punishment," it is considered defamation *per se*. *McCartney v. Oblates of St. Francis de Sales*, 80 Ohio App.3d 345, 353, 609 N.E.2d 216. And a *per se* defamatory statement presumes damages to plaintiff. *Temethy v. Huntington Bancshares, Inc.*, 8th Dist. Cuyahoga No. 83291, 2004-Ohio-1253, ¶16. (Ohio Ct. App. 2004). Here, Lindstedt alleges that Bryan and Stefani each published statements that Lindstedt was a "convicted child molester." This is defamation *per se* and damages are presumed.

Despite the presumed damages, Lindstedt is nevertheless likely to face some obstacles in proving that plaintiffs' publications of defamatory statement were the proximate cause of damages. *See Am. Chem Soc. V. Leadscope, Inc.*, 978 N.E.2d 832, 852 (Ohio 2012) ("the plaintiff must show . . . the plaintiff suffered an injury as a *proximate result* of the publication.") (emphasis added). Lindstedt does not deny that he *was* charged with a sex crime involving a minor and he even seems to have published this fact himself. However, he points out that the charges were ultimately dismissed. 19cv2589 Dkt., ECF Doc. 34 at 2. It may be difficult for Lindstedt to separate the damages allegedly stemming from plaintiffs' statements from the reputational damages that resulted from the filing of the criminal charges alone. Nevertheless, when the court construes the complaint in the light most favorable to Lindstedt, accepts his factual allegations as true, and draws all reasonable inferences in his favor, Lindstedt has alleged facts which, if provable, may entitle him to relief. Plaintiffs have not argued otherwise and have not even identified defamation as one of the claims asserted against them. Because Lindstedt has arguably stated a valid defamation *per se* claim against Bryan and Stefani, I do not recommend that these claims be dismissed pursuant to Fed. R. Civ. P. 12(c).

    **D.**     **Civil Conspiracy**

Arguably, Lindstedt's pleadings attempt to state a civil conspiracy claim against Bryan. 19cv2589 Dkt., ECF Doc. 17 at 8. A civil conspiracy is a "malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Magnum Steel & Trading, LLC v. Roderick Linton Belfance, LLP*, 41 N.E.3d 204, 207 (Ohio Ct. App. 2015). The plaintiff must therefore prove: (1) a malicious combination, (2) two or more people, (3) injury to person or property, and (4) existence of an unlawful act independent from the actual conspiracy. *Mangelluzzi v. Morley*, 2015-Ohio-3143, 40 N.E.3d 588, ¶54 (8th Dist.). Lindstedt has alleged that three people – Bryan, Kyle Bristow ("Bristow"), and Brett Klimkowsky ("Klimkowsky") – conspired to injure him by attempting to take his property in both Missouri and South Dakota. 19cv2589 Dkt., ECF Doc. 17 at 8. However, even liberally construed, Lindstedt has failed to adequately allege a necessary element of a civil conspiracy claim: "a malicious combination."

Lindstedt has failed to allege how Bristow and Klimkowsky worked together with Bryan to deprive him of his property or his First Amendment rights. Lindstedt primarily claims that Bristow and Klimkowsky: (i) are involved in some organizations and activities that Lindstedt dislikes; (ii) published false statements against him; and (iii) previously worked as attorneys for Bryan. None of these assertions is necessarily related to Bryan's alleged conduct against Lindstedt. Moreover, Lindstedt has only asserted conclusory allegations that Bristow, Klimkowsky, and Bryan were "conspiring" together against him. Thus, he has failed to allege facts establishing the essential "malicious combination" element of a civil conspiracy claim. Because Lindstedt has failed to allege facts sufficient to establish that Bristow, Klimkowsky, and Bryan conspired to together to commit an unlawful act, Lindstedt's alleged civil conspiracy claim against Bryan should be dismissed for failure to state a claim upon which relief may be

granted. I recommend that Lindstedt's counterclaim for civil conspiracy against Bryan be dismissed pursuant to Fed. R. Civ. P. 12(c).

### E. Spoilation of Evidence

A claim for intentional spoliation of evidence under Ohio law has five elements: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Elliott-Thomas v. Smith*, 154 Ohio St. 3d 11, 13, 2018-Ohio-1783 (Ohio 2018). The Ohio Court of Appeals has clarified that the "willful destruction" element requires a plaintiff "to show that a defendant 'willfully destroyed, altered[,] or concealed evidence.'" *Dillon v. Ohio Dep't of Rehab. & Corr.*, 2023-Ohio-942, ¶68 (Ohio Ct. App. 2023) (quoting *Heimberger v. Zeal Hotel Grp. Ltd.*, 42 N.E.3d 323, 334 (Ohio Ct. App. 2015)). Thus, "'willfulness' contemplates not only an intentional commission of the act, but also a wrongful commission of the act." *Drawl v. Cornicelli*, 706 N.E.2d 849, 852 (Ohio Ct. App. 1997).

Bryan argues that this claim must be dismissed because Lindstedt failed to plead the required elements. Specifically, Lindstedt failed to plead that: (i) Bryan intended to destroy evidence for the purpose of disrupting Lindstedt's defense; (ii) the alleged destruction caused a disruption to his case; and (iii) damages resulted from the alleged destruction. ECF Doc. 94 at 3-4. Lindstedt argues that Bryan published a public Quora post concerning his marital difficulties and deleted that post to "cover his tracks" and "make his fraudulent case on behalf of [Stefani]." ECF Doc. 111 at 3. He also seemingly states that Lindstedt printed out evidence of the relevant online discourse relating to the four cases consolidated in the instant proceeding. *Id.*

13

Lindstedt has failed to plead the necessary elements for a spoliation of evidence counterclaim. First, Lindstedt alleges that Bryan deliberately destroyed evidence by taking down an online Quora post in which Bryan allegedly detailed difficulties in his marriage to Stefani. 19cv2589 Dkt., ECF Doc. 17 at 18-19, 36. However, he did not allege that Bryan "destroyed" this evidence for the purpose and design of disrupting Lindstedt's defense in the instant, relevant proceedings. Second, Lindstedt provided no allegations that this destruction of evidence has disrupted his case in any manner. Finally, he did not allege any damages that were proximately caused by this alleged destruction.[6] I recommend that Lindstedt's counterclaim for spoliation of evidence against Bryan be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(c).

## IV. Recommendations

In summary, because the facts alleged in Lindstedt's amended answers are sufficient to state counterclaims against Bryan and Stefani for defamation *per se*, I recommend that the Court DENY IN PART plaintiffs' construed motion for judgment on the pleadings with respect to those claims. Otherwise, because Lindstedt has failed to allege sufficient facts to state counterclaims against Bryan and Stefani for malicious prosecution and abuse of process, and against Bryan for civil conspiracy, or spoliation of evidence, I recommend that the Court GRANT IN PART plaintiff's construed motion for judgment on the pleadings with respect to those claims.

Dated: July 28, 2023

Thomas M. Parker
United States Magistrate Judge

---

[6] In fact, the only relief he seemingly requests in connection with this counterclaim is for Bryan's disbarment—relief that the Court cannot grant. 19cv2589 Dkt., ECF Doc. 17 at 36.

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

15