IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO, | ) Case No. 1:19-cv-2103/2589/2615/2786 |
| | ) |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| MARTIN LINDSTEDT, | ) |
| | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |
| | ) |

Currently before the court is a motion to dismiss filed by plaintiffs Bryan Reo and Stefani Rossi Reo (collectively, "Plaintiffs"). ECF Doc. 130. Plaintiff Bryan Anthony Reo ("Bryan"), and Plaintiff Stefani Rossi Reo ("Stefani") are pursuing separate and related defamation and false light actions filed against Defendant Martin Lindstedt. These two actions have been consolidated with two other related cases in the instant proceeding. The court recently issued an order that partially granted Plaintiffs' motion to dismiss Lindstedt's counterclaims and dismissed all counterclaims except for Lindstedt's claim for defamation *per se* against both Bryan and Stefani. Plaintiffs have now filed another motion to dismiss the defamation *per se* counterclaims. Plaintiffs do not cite any Federal Rule of Civil Procedure and generally argue that the defamation *per se* claims against them fail as a matter of law. First, I recommend that the Court construe Plaintiffs' motion to dismiss as a motion for summary judgment under Rule 56. Second, I recommend that the Court DISMISS the motion as successive and improperly filed.

I. **Procedural and Factual Background**

Plaintiffs Bryan and Stefani are married to each other and reside in Lake County, Ohio. Bryan is authorized to practice law in Ohio. Defendant Lindstedt is a pastor at the Church of Jesus Christ Christian/Aryan Nations of Missouri located in Granby, Missouri. Lindstedt is representing himself in this action. ECF Doc. 1. Previously, Bryan Reo filed a lawsuit against Lindstedt and his church in Lake County Court of Common Pleas for libel and false light for statements made by Lindstedt in 2015 and 2016 ("The Lake County litigation"). ECF Doc. 1-1 at ¶7. The Lake County litigation resulted in a $105,000.00 jury verdict in Bryan Reo's favor against Lindstedt and his church in June 2019. *Id.* Lindstedt has appealed to the Ohio Court of Appeals.[1] CM/ECF for Northern District of Ohio, Case No. 1:19-cv-2589 ("19cv2589 Dkt."), ECF Doc. 17 at 27.

The instant lawsuits (1:19-cv-2589 and 1:19-cv-2786) were consolidated in the instant proceeding (1:19-cv-2103) after remand from the Sixth Circuit. ECF Docs. 85, 88. The instant lawsuits involve claims arising from allegedly defamatory statements made by Lindstedt about Bryan and Stefani after the judgment was issued in the Lake County litigation. In *Bryan Anthony Reo v. Martin Lindstedt*, No. 1:19-cv-2589, Bryan Reo alleges that in August 2019 Lindstedt published defamatory statements at http://whitenationalist.org accusing Bryan Reo of bribing a Missouri state judge with sexual favors. 19cv2589 Dkt., ECF Doc. 1-3 at ¶7. He further alleges that Lindstedt published more statements in September 2019 accusing Bryan Reo of an incestual relationship with his father and of having an extramarital affair. *Id.* at ¶20. In *Stefani Rossi Reo v. Martin Lindstedt*, No. 1:19-cv-2786, Stefani Reo alleges that, among other defamatory statements, Lindstedt published false statements that she is "a transgender prostitute"

---

[1] Lindstedt has filed several appeals related to the Lake County litigation.

2

and that her husband is a homosexual. CM/ECF for Northern District of Ohio, Case No. 1:19-cv-2786 ("19cv2786 Dkt."), ECF Doc. 1-2 at ¶11. She also claims that Lindstedt has published statements that she is barren and incapable of having a child. *Id.* at ¶21. In total, Bryan Reo filed four actions against Lindstedt in the state court, two on his own behalf (1:19-cv-2103 and 1:19-cv-2589), one on behalf of Stefani Reo, his wife (1:19-cv-2786), and another lawsuit on behalf of his father, Anthony Domenic Reo (1:19-cv-2615). Lindstedt removed all four cases, pursuant to 28 U.S.C. § 1441 alleging federal question and diversity jurisdiction. Lindstedt claims that these four cases represent a coordinated effort by Bryan Reo, his family, and his lawyers to "steal" Lindstedt's 1,800-acre property in South Dakota. ECF Doc. 29 at ¶¶37-41.

In the instant actions, based on the statements Bryan Reo and Stefani Reo allege Lindstedt made, the relevant complaints assert the same claims: (i) a common law claim for defamation (Count I), (ii) a common law claim for invasion of privacy (Count II), (iii) a common law claim for intentional infliction of emotional distress (Count III), and (iv) a claim for a permanent injunction (Count IV). *See* 19cv2589 Dkt., ECF Doc. 1-3 at ¶¶37-63; 19cv2786 Dkt., ECF Doc. 1-2 at ¶¶24-59.

Lindstedt's amended answers in these actions asserted five counterclaims against Bryan Reo and three counterclaims against Stefani Reo. 19cv2589 Dkt., ECF Doc. 17; 19cv2786 Dkt., ECF Doc. 13; *see* ECF Doc 129 at 7-14. Relevant to the instant motion, Lindstedt asserted a counterclaim for defamation *per se* against Bryan Reo and Stefani Reo – with Lindstedt alleging that Plaintiffs falsely called him a "convicted child molester" and "pedophile." 19cv2589 Dkt., ECF Doc. 17 at 32; 19cv2786 Dkt., ECF Doc. 13 at 32;[2] *see* ECF Doc. 129 at 10-11. On April

---

[2] For the sake of efficiency, citations moving forward will only be provided for the amended answers in case no. 1:19-cv-2589 because the amended answers in both instant actions are essentially identical. *Compare* 19cv2589 Dkt., ECF Doc. 17, *with* 19cv2786 Dkt., ECF Doc. 13.

16, 2023, Plaintiffs jointly moved to dismiss all of Lindstedt's counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. ECF Doc. 94.

On July 28, 2023, the undersigned issued a report and recommendation ("R&R") which recommended that the court: (i) construe Plaintiffs' late-filed Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleading; (ii) deny Plaintiffs' motion in part as to Lindstedt's defamation *per se* counterclaims against Bryan and Stefani; and (iii) otherwise grant Plaintiffs' motion as to all other counterclaims. ECF Doc. 129.

The same day, Plaintiffs filed the instant motion to dismiss Lindstedt's defamation *per se* claims against Bryan and Stefani. ECF Doc. 130. Plaintiffs argue that the defamation counterclaims fail as a matter of law because: (i) the counterclaim against Bryan is insufficiently pleaded and is barred by res judicata and collateral estoppel; and (ii) Lindstedt never produced evidence to support his counterclaim against Stefani Reo. *Id.* at 2-7. Plaintiffs do not cite a Federal Rule of Civil Procedure under which they purport to seek "dismissal" of the counterclaims but instead offer the court the multiple-choice opportunity to construe the instant motion as either a Rule 12(b)(6), Rule 12(c), Rule 50, or Rule 56 motion. *Id.* at 1, 6.

On September 12, 2023, the Court issued an order that: (i) adopted the R&R in its entirety; (ii) construed Plaintiffs' Rule 12(b)(6) motion (ECF Doc. 94) as a motion for judgment on the pleadings; (iii) denied the construed motion with respect to the defamation *per se* claims against Bryan and Stefani; and (iv) granted the motion with respect to the remaining counterclaims and entered judgment with respect to those claims. ECF Doc. 138.

**II.     Law and Analysis**

The instant motion was filed while Plaintiffs' prior Rule 12(b)(6) motion to dismiss the counterclaims was still pending before the court. *See* ECF Docs. 94, 129, 130. Plaintiffs chose

4

to not cite the Rule under which they brought the instant motion and left construal of the motion to the discretion of the court. *See* ECF Doc. 130 at 1, 6. The "motion to dismiss" appears to raise several arguments that could have easily been raised in the prior Rule 12(b)(6) motion (res judicata and pleading deficiencies) but also raises arguments that require the court to look at matters outside the pleadings (failure to produce evidence supporting the counterclaims in discovery). *See id.* at 2-7. Accordingly, I recommend that the Court construe the instant motion to dismiss as a motion for summary judgment under Rule 56. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006); *Bear v. United States*, No. 4:21-cv-2256, 2022 U.S. Dist. LEXIS 237013, at *11 (N.D. Ohio Dec. 5, 2022).

Plaintiffs previously filed motions for summary judgment that were later resolved in their respective individual cases. *See* CM/ECF for case no. 1:19-cv-2589, Docs. 49, 92; CM/ECF for case no. 1:19-cv-2786, Docs. 26, 48. Therefore, the instant motion qualifies as a second or successive motion for summary judgment. "District courts may in their discretion permit renewed or successive motions for summary judgment." *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 820 (6th Cir. 2000); *Taylor v. City of Saginaw*, 2022 U.S. Dist. LEXIS 11932, 2022 WL 202999, at *2 (E.D. Mich. Jan. 21, 2022) (quoting *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006)). Courts generally require good cause and granting leave to file a second motion for summary judgment is "especially appropriate" in cases of: (i) an intervening change in controlling law; (ii) newly available evidence or an expanded factual record; and (iii) a need to correct a clear error or prevent manifest injustice. *Amos v. NVR, Inc.*, No. 1:19-cv-719, 2023 U.S. Dist. LEXIS 145687, at *2 (S.D. Ohio May 17, 2023) (citing *Allen v. Watts*, No. 2:19-cv-12024, 2021 U.S. Dist. LEXIS 134706, at *2 (E.D. Mich. July 20, 2021)). "It is improper, however, for a party to file a second motion for summary judgment "that is not

5

based upon new facts and that seeks to raise arguments it could have raised in its original motion." *Thomas v. Lambert*, 587 F. Supp. 3d 635, 638 (E.D. Mich. Feb. 11, 2022) (quoting *Cervetto v. Powell*, 2016 U.S. Dist. LEXIS 199058, at *4 (W.D. Ky. Jan. 27, 2016)) (internal marks omitted and alteration adopted).

On September 13, 2023, the undersigned denied several motions by Plaintiffs which sought leave to move for partial summary judgment. ECF Doc. 141. For the same reasons provide in that order, I recommend that the Court dismiss the instant motion as successive and improperly filed. The instant motion and circumstances of this consolidated action do not provide a good cause basis for allowing a successive motion for summary judgment. *See Amos*, 2023 U.S. Dist. LEXIS 145687, at *2. Moreover, the instant motion to dismiss raises arguments concerning res judicata, pleading deficiencies, and lack of evidence, which Plaintiffs could have easily raised in their previous summary judgment motions – or even their prior Rule 12(b)(6) motion. *See Thomas*, 587 F. Supp. 3d at 638. In this instance, Plaintiffs should be denied a proverbial second bite at the apple and this case should proceed to trial in the interests of judicial efficiency and fairness, consistent with the overarching purposes of the Civil Rules set forth in Rule 1, Fed. R. Civ. P.

## IV. Recommendations

In summary, I recommend that the Court DISMISS the construed motion for summary judgment (ECF Doc. 130) as successive and improperly filed.

Dated: September 13, 2023

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).