# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-CV-02103-SO |
| Plaintiff | Hon. Solomon Oliver, Jr. |
| v. | Mag. Thomas M. Parker |
| **MARTIN LINDSTEDT,** | Fed. R. Civ. P. 37 [ALL CASES] |
| Defendant | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

## MOTION FOR SANCTIONS

NOW COMES Bryan Anthony Reo ("Plaintiff") in 1:19-cv-2589, 1:19-cv-2103, and Counsel for Plaintiffs in 1:19-cv-2786 and 1:19-cv-2615, and hereby propounds upon Martin Lindstedt ("Defendant") and this Honorable Court Plaintiffs' Motion for Sanctions.

This motion is made pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) on the basis that Defendant Martin Lindstedt [in all of the cases] was ordered to provide formal written responses (presumably responsive) to all outstanding Requests for Production of Documents and Interrogatories from all plaintiffs, and has instead provided a pack of abusive scandalous responses that contain insults such as "homosexual mongrel," "n****r[1] lips," "Sephardic jewess,"

---

[1] Defendant wrote the entire word out.

1

"homosexual," ""homosexual jew mongrel," and the like. Lindstedt does not identify one single witness as having facts relevant to the case, instead responding with insults when asked to identify witnesses with information relevant to claims or defenses. Furthermore, Lindstedt does not provide one single document in response to the requests for production of documents.

**Defendant did not even bother to respond in one of the four cases**-

As an initial matter of concern, Defendant Lindstedt provided "responses" to the outstanding interrogatories and requests for production of documents, in only 3 of the 4 cases. He provided horrendously offensive and abusive remarks in 1:19-cv-2589, 1:19-cv-2615, and 1:19-cv-2786, however he did not provide any responses of any sort, in 1:19-cv-2103. This is certainly not an oversight given the nature of this case, the procedural posture, and the offensive tone of the other responses. This is clearly a deliberate move by Defendant calculated to cause further delay in an already protracted legal drama that has gone on for longer than many sit-com series have.

Furthermore, to the extent Lindstedt provided any text responses to interrogatories in 3 of the 4 cases, the responses are not under oath as required by Fed. R. Civ. P. 33(b)(3) and the responses are clearly not in good faith. In none of the four cases did Defendant provide one single piece of paper in response to requests for production of documents.

**What actual responses Defendant has given are outrageous-**

Plaintiffs attach the following exhibits which are true and accurate copies of the "responses" Defendant served on Plaintiffs. They are as follows, responses in Bryan Anthony Reo v Martin Lindstedt 1:19-cv-2589 (Exhibit 1), Stefani Rossi Reo v Martin Lindstedt 1:19-cv-2786 (Exhibit 2), and Anthony Domenic Reo v Martin Lindstedt 1:19-cv-2615 (Exhibit 3). Defendant's

response cover packet/rant was filed by Defendant as ECF No. 151 (and sealed per order ECF No. 153).

A summary of some of the most offensive non-responsive responses of the 3 out of 4 consolidated cases that Defendant actually bothered replying to, may be helpful.

**Responses to 1:19-cv-2589**

Defendant began with a hand-written scribble in the margins near Plaintiff's "Definitions and Instructions" stating, "I do not take Bryan Reo legal advice."

**Interrogatory #6** asked Lindstedt to state any and all facts known to him that showed that Plaintiff Bryan Reo was seeking to divorce his wife for a reason of sexual infidelity in February 2019. Lindstedt responded that the he saw a divorce filing and saw a divorce was pending at that time, pointedly ignoring the rest of the interrogatory and not responding in regards to the request for facts as to whether or not he is in possession of information regarding infidelity.

**Interrogatory #7** asked Lindstedt, "State any and all facts known to you which evince that Plaintiff has engaged in the crime of extortion." Lindstedt responded, "Bryan Reo has a history of extortion, particularly with his lawyers against Pastor Lindstedt's sister." This is argumentative, non-responsive, and does not address the substance of the request.

**Interrogatory #9** asked Lindstedt, "State any and all facts known to you which evince that Plaintiff is not a non-public figure for purposes of First Amendment jurisprudence." Lindstedt responded, "Bryan Reo is a notorious homosexual." This is not only non-responsive to the request, it is offensive, scandalous, and is simply further defamation.

**Interrogatory #10** asked Lindstedt, "State the names and addresses of any and all people who have personal knowledge of the facts detailed within Defendant's answer to Interrogatories Nos. 1 through 9." Lindstedt responded, "Most people do not want to go against zogbot Bryan Reo

3

for fear of never-ending litigation." This is non-responsive, it does not identify Defendant's alleged fact witnesses whom he might seek to call on or use documents from. In short, Defendant's snide snickering response is an admission that he has no knowledge of anybody who would be able to testify as to the truth of his defamatory accusations against Plaintiff Bryan Anthony Reo.

**Request for Production of Documents #3** asked Lindstedt, "Produce true and accurate copies of any and all documents which you believe evince that Plaintiff has specifically engaged in homosexual oral sex with Missouri trial court Judge Gregory Stremel for the purpose of obtaining advantage in litigation." Lindstedt responded, "the most said was on Aryan Nations web page suggesting that Ol N****r[2]lips apply some suction to get his bogus $4,000 judgment." This is an outrageous talking out of the side of his mouth, insisting, "I didn't defame him, har har har, but I did write that he used oral suction to get a judgment recognized." Further, Defendant was asked to provide true and accurate copies of documents demonstrating the truth of what he said. His own defamatory statement cannot serve as the basis as a responsive document to a request for a document being offered for the substantive truth of the allegedly defamatory statement, otherwise any defamation defendant need only produce his own libelous writing as a means to "cite a source." Defendant seeks to cite himself as the source for the validity of his offered affirmative defense of truth. This is procedurally and substantively outrageous.

**Request for Production of Documents #6** asked Lindstedt, "Produce true and accurate copies of any and all documents which you believe evince that Plaintiff has engaged in professional misconduct in the form of Plaintiff engaging in bribery and extortion against Defendant." Lindstedt

---

[2] Defendant wrote the entire word out.

responded, "See Reo v Lindstedt 23-cv-00656 which was dismissed with prejudice against Bryan Reo." Lindstedt cannot even help but lie as the dismissal entry in that case was without prejudice and even had the dismissal been on the merits, it would not be evidence of bribery and extortion. Lindstedt did not provide a responsive response, instead giving an insulting narrative rant.

**Request for Production of Documents #7** asked Lindstedt, "Produce true and accurate copies of any and all documents which you believe evince Plaintiff has engaged in adultery." Lindstedt responded, "Bryan Reo is a well-known homosexual zogbot. The proof is on the Aryan Nations forum." Insulting Plaintiff as a "well known homosexual" is not proof, and simply telling somebody, "go to my website which has over 20,000 posts" is the equivalent of saying, "the answers are in the Encyclopedia Britannica, have at it." As of 10/2/2023 Lindstedt's "Aryan Nations forum" has 24,818 separate posts. It is not the Plaintiff's job nor responsibility to sift through all of Defendant's 10+ years of rambling rants and decide which of them true and accurate copies of documents that Plaintiff has requested.

**Request for Production of Documents #10** asked Lindstedt, "Produce true and accurate copies of any and all documents which you believe evince that Defendant's Counterclaims [if any] against Plaintiff have a basis in fact." Lindstedt responded, "See the Aryan Nations forum for the clearly provided documents." Clearly provided documents? The forum has 24,818 posts as of 10/2/2023, it is not the job of Plaintiff to sift through that mess and attempt to guess which documents are relevant, let alone true and accurate, let alone material and admissible.

5

As to the matters of 1:19-cv-2589, Defendant's responses are substantially non-compliant, offensive, abusive, scandalous, and in a flippant disregard to the Federal Rules of Civil Procedure, the Local Rules of this Court, and the standing and prior orders of this Court, as well as being deliberately evasive and outrageous for the sake of causing delay and hindering these proceedings. Defendant did not answer one single interrogatory under oath and did not produce one single sheet of paper or a direct link to a source of a document, citing only generically, "go to my website."

**Defendant can, should, and by all rights ought to be sanctioned and severely sanctioned-**

Defendant was explicitly warned that sanctions might be imposed under Fed. R. Civ. P. 37 if he did not comply and participate in discovery. "The court ORDERS that Lindstedt shall have until September 26, 2023 to serve plaintiffs with responses to interrogatories and requests for production in each of the four cases. Failure to comply with this order may result in the imposition of sanctions as authorized by Rule 37, Fed. R. Civ. P." (ECF No. 140, PageID # 1541)

Plaintiff Bryan Anthony Reo requests the following sanctions against Defendant Lindstedt in regards to 1:19-cv-2589.

**Fed. R. Civ. P. 37(b)(2)**

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [Establishing as true Plaintiff Bryan Anthony Reo's factual allegations]

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [As to preventing Defendant from offering or introducing any evidence contrary to Plaintiff Bryan Anthony Reo's claims]

(iv)     dismissing the action or proceeding in whole or in part; [As to Defendant's counter-claim against Bryan Anthony Reo]

(vi)     rendering a default judgment against the disobedient party; [As to liability on the claims of Bryan Anthony Reo v Martin Lindstedt 1:19-cv-2589, leaving only the issue of damages to be resolved]

**Responses to 1:19-cv-2103**

Lindstedt did not even bother to respond in any regards to the outstanding discovery, he pointedly did not do so. Plaintiff does not even have numbered responses consisting of insults, slurs, obscenities, and further defamation, there is simply a lack of any responses of any sort.

Plaintiff Bryan Anthony Reo in 1:19-cv-2103 therefore requests that Lindstedt be sanctioned, per Fed. R. Civ. P. 37 as he was warned (ECF No. 140, PageID # 1541 "The court ORDERS that Lindstedt shall have until September 26, 2023 to serve plaintiffs with responses to interrogatories and requests for production in each of the four cases. Failure to comply with this order may result in the imposition of sanctions as authorized by Rule 37, Fed. R. Civ. P.")

All relevant and proper sanctions provided by Fed. R. Civ. P. 37 should be leveled against Defendant Lindstedt for what is continuing and flagrant flaunting and disrespect of the rules of civil procedure, the rules of this Court, and the latitude and leniency shown by this Court. Lindstedt is making a mockery of these proceedings and causing maximum delay.

In the matter of Bryan Anthony Reo v. Martin Lindstedt 1:19-cv-2103, default judgment should be rendered against Lindstedt, his counter-claims (if any) dismissed, and the matter should proceed forward on Plaintiff Bryan Anthony Reo's claims for damages.

7

Lindstedt is well aware of what he has done and is doing. In responding with offensive outrageous garbage responses that are not responsive, in 3 of the 4 consolidated cases, and not even responding in 1 of the 4 cases, he has assured a delay of at least 4 weeks and likely closer to 12 weeks. More delay for the sake of delay. "By moving it up to the federal level hopefully it will be delayed." (1:19-cv-2589, ECF No. 57, PageID # 541)

Plaintiff Bryan Anthony Reo in 1:19-cv-2103 Bryan Anthony Reo v Martin Lindstedt, requests *default* (as to liability) as a sanction against Defendant Lindstedt, for his complete and utter failure to even respond to outstanding discovery in 1:19-cv-2103 despite the clear order of this Court that he do so.

**Responses to 1:19-cv-2786**

Defendant began with a hand-written scribble in the margins near Plaintiff's "Definitions and Instructions" stating, "I do not take Bryan Reo legal advice."

Where Plaintiff Stefani Rossi Reo was identified in the instructions, Defendant hand-wrote in blue ink "Also referred to as "Mrs. N***r[3] Lips[4]"

**Interrogatory #7** asked Lindstedt "State any and all facts known to you which evince that Plaintiff's marriage with Bryan Anthony Reo was entered into as a sham for immigration purposes." Lindstedt responded by referring to Stefani Rossi Reo as a "Brazilian Sephardic jewess" and speculating that Stefani and Bryan had an "immigration deal." This is insulting and is

---

[3] Defendant wrote the entire word out.
[4] Plaintiffs are beyond tired of having to read endless (obscene and vulgar) rants of Defendant which contain racial slurs and then having to type and communicate these racial slurs in quotations of Defendant in Plaintiffs' own pleadings.

8

not responsive. Being asked to state facts and responding with insults, conjecture, and speculation, is non-responsive to the substance of the request.

**Interrogatory #9** asked Lindstedt, "State any and all facts known to you which evince that Plaintiff is not a non-public figure for purposes of First Amendment jurisprudence." Lindstedt responded, "Bryan Reo is a public figure and agent provocateur and Mrs. Reo is a fake plaintiff." This is not only non-responsive to the request, it is offensive, scandalous, and is simply further defamation. The request was for information regarding Stefani Rossi Reo and Lindstedt created an opportunity for himself to not respond in a responsive manner but to further insult Stefani Rossi Reo and her choice of Counsel.

**Request for Production of Documents #8** asked Lindstedt, "Produce true and accurate copies of any and all documents which you believe evince that Defendant's Counterclaims [if any] against Plaintiff have a basis in fact." Lindstedt responded, "Pastor Lindstedt is head of the Aryan Nations. Bryan Reo is a long-time homosexual jewlutto mongrel agent provocateur tasked with civil lawfare against Pastor Linsdtedt. Mrs. Reo is simply Bryan Reo's Brazilian beard wife used as a fake plaintiff's catspaw." This is completely and utterly non-responsive and is simply a string of incoherent insults and slurs.

Plaintiff Stefani Rossi Reo requests the following sanctions against Defendant Lindstedt in regards to 1:19-cv-2786.

**Fed. R. Civ. P. 37(b)(2)**

(iii) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [Establishing as true Plaintiff Stefani Rossi Reo's factual allegations]

9

(iv) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [As to preventing Defendant from offering or introducing any evidence contrary to Plaintiff Stefani Rossi Reo's claims]

(v) dismissing the action or proceeding in whole or in part; [As to Defendant's counter-claim against Stefani Rossi Reo]

(vii) rendering a default judgment against the disobedient party; [As to liability on the claims of Stefani Rossi Reo v Martin Lindstedt 1:19-cv-2786, leaving only the issue of damages to be resolved]

**Responses to 1:19-cv-2615**

Defendant began with a hand-written scribble in the margins near Plaintiff's "Definitions and Instructions" stating, "I do not take Bryan Reo legal advice."

Where Plaintiff Anthony Domenic Reo was identified in the instructions, Defendant hand-wrote in blue ink "Also known as 'Ol N****r[5] Lips Alleged Spawner.'"

**Interrogatory #6** asked Lindstedt, "State any and all facts known to you which evince that Plaintiff is not a non-public figure for purposes of First Amendment jurisprudence." Lindstedt responded, "Plaintiff was never referred to by name but as 'Ol N****r[6] Lips alleged spawner, Bryan Reo is a public figure agent provocateur."

Lindstedt admits that the statement was "of or concerning" Plaintiff Anthony Domenic Reo, because even though he states he did not name Anthony Domenic Reo, he referred to the father of Bryan Anthony Reo, with Bryan Anthony Reo having only one father. See *Robinson v.*

---

[5] Defendant wrote the entire word out.
[6] Defendant wrote the entire word out.

10

*Radio One*, 695 F.Supp. 2d 425 (ND Texas, 2010), "However, it is not necessary that a defamation plaintiff have been named at all in the publication…. The true test is whether persons who know the defamed and heard the statement could have reasonably thought it to be an assertion of fact about him."

See also *Carey v. Kirk*, 2022 U.S. Dist. LEXIS 234330 (SD Florida 2022) "But it has long been held that if a person alleging defamation is not named in the defamatory publication, "the communication as a whole [must] contain[] sufficient facts or references from which the injured person may be determined by the persons receiving the communication."

In this instance, Bryan Anthony Reo has only one father, thus a statement about "Bryan Anthony Reo's father" is necessarily a statement clearly meant to assert a factual allegation against Anthony Domenic Reo

**Interrogatory #7** asked Lindstedt, "State the names and addresses of any and all people who have personal knowledge of the facts detailed within Defendant's answer to Interrogatories Nos. 1 through 10." Lindstedt responded, "Fake-Plaintiff knows that his son Bryan Reo is a delusional homosexual mongrel acting as a ZOGbot agent provocateur against Pastor Lindstedt + Aryan Nations." This is non-responsive and offensive.

Plaintiff Anthony Domenic requests the following sanctions against Defendant Lindstedt in regards to 1:19-cv-2615.

**Fed. R. Civ. P. 37(b)(2)**

(v) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [Establishing as true Plaintiff Anthony Domenic Reo's factual allegations]

11

(vi)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; [As to preventing Defendant from offering or introducing any evidence contrary to Plaintiff Anthony Domenic Reo's claims]

(vi)   dismissing the action or proceeding in whole or in part; [As to any of Defendant's counter-claims against Anthony Domenic]

(viii)   rendering a default judgment against the disobedient party; [As to liability on the claims of Anthony Domenic Reo v Martin Lindstedt 1:19-cv-2615, leaving only the issue of damages to be resolved]

**Default as a sanction may seem extreme, but it is frequently upheld by the Sixth Circuit-**

The Sixth Circuit has recently upheld the validity of a default as a sanction by the Magistrate Judge against a pro se defendant for discovery abuse following numerous frivolous filings, see *United States v. Thody*, 2023 U.S. App. LEXIS 13976 (6th. Circ. June 5, 2023, No 22-1401) which involved a pro se litigant in the United States District Court for the Western District of Michigan essentially using sovereign citizen arguments and refusing to produce responses in discovery after having been warned of the possibility of sanctions under Fed. R. Civ. P. 37, with the appellate court also noting that Thody's conduct prior to that point had been the filing of numerous frivolous documents with the trial court.

> The magistrate judge recommended that the district court grant the government's motion for sanctions and enter a default judgment against Thody. Pointing to Thody's numerous frivolous filings, the magistrate judge first found that Thody's failure to comply with the discovery order was in bad faith. The magistrate judge rejected Thody's arguments that the COVID-19 lockdown and his health problems prevented him from responding to the government's interrogatories [*5] because he did not need access to the law library to answer questions about his security interest. Additionally, the magistrate judge noted that Thody's claimed obstacles had not prevented him from filing numerous other motions and documents in the

12

case. The magistrate judge next found that the government suffered prejudice because of Thody's failure to comply. The magistrate judge also noted that she had explicitly warned Thody of the consequences of not complying with the discovery order, yet he "continue[d] to flout not only the order, but this Court's authority, through his specious lack-of-jurisdiction motions and arguments and refusal to answer Plaintiff's interrogatories."

Finally, the magistrate judge found that a lesser sanction would be meaningless in view of Thody's litigation conduct, which demonstrated no effort or intention to provide the requested discovery. The magistrate judge also reasoned that an evidentiary sanction would be tantamount to a default judgment because the only publicly available information about Thody's lien was the UCC financing statement itself.

 *Thody* at 5 and 6.

In this instance the facts and procedural posture very closely mirror what transpired in Thody. Lindstedt has made numerous frivolous filings, Lindstedt has failed to comply with numerous orders of this Court including discovery orders, Lindstedt has used these proceedings to carry on in an outlandish fashion while making specious arguments about jurisdiction. Lindstedt has claimed an inability to travel to participate in any proceedings related to these cases and has even claimed a lack of funds for gasoline to get to the post office and postage to mail his filings (neither circumstance has hindered his filing more than 13 things in the last 4 months, all of which have been sealed as abusive and offensive).

Furthermore, a lesser sanction would essentially be meaningless given that Lindstedt has demonstrated no effort or intention to provide the requested discovery.

Furthermore, an evidentiary sanction would be the equivalent of default given that Lindstedt claims to possess documents (his own documents) that would supposedly demonstrate the truth of his allegations against Plaintiff Bryan Anthony Reo, but he has not produced the documents and he is the only one in possession of the documents, and his only offered defense has

13

been to claim that his remarks/statements were true, or the legally insufficient theory that he has a First Amendment right to communicate anything he wants about anybody he wants under any circumstances he wants. In short, his defensive theory of "truth" would be eliminated by a lesser sanction, and his defensive theory of "the First Amendment allows me to defame people" is not legally sufficient and he won't be allowed to present what amounts to a request for jury nullification of Ohio defamation law to the jury, so an evidentiary sanction is a quasi-default.

In *KCI Inc. v. Healthcare Essentials, Inc*. 801 Fed. Appx. 928, 2020 FED App. 0057N (6th Cir. 2020) the Sixth Circuit provided a succinct overview of the factors and basis for a default as a sanction.

"We review the district court's sanction order and entry of default judgment for abuse of discretion. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Courts consider four factors in this analysis:

1) whether the disobedient party acted in willful bad faith;

2) whether the opposing party suffered prejudice;

3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and

4) whether less drastic sanctions were imposed or considered.

*Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). **Bad faith is generally the most important factor**. *Ndabishuriye v. Albert Schweitzer Society, USA, Inc*., 136 F. App'x 795, 800 (6th Cir. 2005)."

If calling a party opponent "N****r[7] lips" and "well-known homosexual" as a discovery response in one packet for responses to 1:19-cv-2589, and completely refusing/failing to respond

---

[7] Defendant wrote the entire word out.

14

to any discovery in the 1:19-cv-2103 case, is not bad faith, then bad faith can never be found because it does not exist. Defendant has further prejudiced all Plaintiffs by refusing to provide what would be clearly discoverable and admissible evidence, evidence he has often claimed is in his possession. Defendant has already been warned and knows, from the appellate procedure and posture, that discovery obligations are to be taken seriously or could result in adverse rulings. There is no possibility that a less drastic sanction would have any meaningful effect or bring about the desired result.

Defendant Lindstedt can and should be sanctioned via the rendering of default judgments on liability in 1:19-cv-2103 for his total failure and refusal to respond, and in 1:19-cv-2589, 1:19-cv-2786, and 1:19-cv-2615 for the outrageous nature of his scandalous responses, his failure to address the substance of the requests, his failure to answer interrogatories under oath, his failure to provide one scrap of paper as a responsive document, and his obvious agenda of causing further and needless delay in these already long and complicated proceedings.

Plaintiffs finally request that this document and all exhibits be themselves sealed as they contain Defendant's abusive scandalous rhetoric and defamation.

    Respectfully submitted,

    **REO LAW, LLC**
    /s/ Bryan Anthony Reo
    Bryan Anthony Reo (#0097470)
    P.O. Box 5100
    Mentor, OH 44061
    (T): (440) 313-5893
    (E): reo@reolaw.org
    *Pro se Plaintiff*

Dated: October 2, 2023

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-CV-02103-SO |
| Plaintiff | Hon. Solomon Oliver, Jr. |
| v. | Mag. Thomas M. Parker |
| **MARTIN LINDSTEDT,** | Motion for Discovery [ALL CASES] |
| Defendant | |

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

## CERTIFICATE OF SERVICE

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on October 2, 2023, I served a true and accurate copy the foregoing document upon Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844, by placing the same in a First Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail located in City of Mentor, Lake County, State of Ohio.

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893

2

          (E): reo@reolaw.org
          *Pro se Plaintiff and Counsel*

Dated: October 2, 2023