IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | Case No. 1:19-cv-2103/2589/2615/2786 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| MARTIN LINDSTEDT, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Currently before the court is a motion for sanctions filed by plaintiffs Bryan Reo,

Anthony Domenic Reo, and Stefani Rossi Reo (collectively, "Plaintiffs").  ECF Doc. 155.  Based

on the reasons provided below, I recommend that the motion for sanctions (ECF Doc. 155) be

DENIED IN PART, to the extent that Plaintiffs request default judgment; and GRANTED IN

PART, to the extent that lesser sanctions should be considered and imposed.

I.      **Procedural and Factual Background**

Plaintiffs Bryan Reo and Stefani Reo are married to each other and reside in Lake

County, Ohio.  Bryan Reo is authorized to practice law in Ohio.  Plaintiff Anthony Domenic Reo

is Bryan Reo's father.  Defendant Martin Lindstedt is a pastor at the Church of Jesus Christ

Christian/Aryan Nations of Missouri located in Granby, Missouri.  Lindstedt is representing

himself in this action.  ECF Doc. 1.  Previously, Bryan Reo filed a lawsuit against Lindstedt and

his church in the Lake County, Ohio court of common pleas asserting claims for libel and false

light for statements made by Lindstedt in 2015 and 2016 ("The Lake County litigation").  ECF

Doc. 1-1 at ¶7.  The Lake County litigation resulted in a $105,000.00 jury verdict in Bryan Reo's

favor against Lindstedt and his church in June 2019.  *Id.*  Lindstedt has appealed to the Ohio

Court of Appeals.[1]  CM/ECF for Northern District of Ohio, Case No. 1:19-cv-2589 ("19cv2589

Dkt."), ECF Doc. 17 at 27.

Bryan Reo filed four actions against Lindstedt in the state court, two on his own behalf

(1:19-cv-2103 and 1:19-cv-2589), one on behalf of Stefani Reo, (1:19-cv-2786), and another

lawsuit on behalf of Anthony Domenic Reo (1:19-cv-2615) (collectively, the "Reo Actions").

The Reo Actions all involve claims arising from allegedly defamatory statements made by

Lindstedt about Bryan, Stefani, and Anthony after the judgment was issued in the Lake County

litigation.  Lindstedt removed all four cases, pursuant to 28 U.S.C. § 1441 alleging federal

question and diversity jurisdiction.  Lindstedt claims that these four cases represent a coordinated

effort by Bryan Reo, his family, and his lawyers to "steal" Lindstedt's 1,800-acre property in

South Dakota.  ECF Doc. 29 at ¶¶37-41.

In each of the Reo Actions, the court granted and entered summary judgment in favor of

Plaintiffs and against Lindstedt on all claims and counterclaims, finding that: (i) Lindstedt never

responded to Plaintiffs' requests for admissions; (ii) Lindstedt never moved to withdraw those

by-rule admissions that arose from his failure to respond; and (iii) these by-rule admissions

demonstrated that there were no genuine issues of material fact and that the Reos were entitled to

judgment as a matter of law.  *See* ECF Docs. 72, 73; 19cv2589 Dkt., Docs. 120, 121; CM/ECF

for Northern District of Ohio, Case No. 1:19-cv-2786, Docs. 61, 65; CM/ECF for Northern

District of Ohio, Case No. 1:19-cv-2615, Docs. 43, 52.

---

[1] Lindstedt has filed several appeals related to the Lake County litigation.

Lindstedt appealed the judgments in the Reo Actions, and the Sixth Circuit subsequently

vacated the grants of summary judgment because: (i) Lindstedt had submitted various filings that

could have been construed as motions to withdraw certain admissions under Fed. R. Civ. P.

36(b); and (ii) "withdrawal of the admissions would promote the presentation of the merits of the

plaintiffs' claims for damages and would impose no significant prejudice on the plaintiffs."  ECF

Doc. 85 at 2-3.  The Sixth Circuit remanded the actions for further proceedings and suggested

that the Reo Actions be consolidated.  *Id.* at 3.  Upon remand, the Reo Actions were consolidated

in the instant proceeding (1:19-cv-2103) and assigned to a single judge.  ECF Doc. 88.

On September 12, 2023, the undersigned issued an order granting Bryan Reo's motion to

compel discovery (ECF Doc. 134), and ordering Lindstedt to serve Plaintiffs with responses to

interrogatories and requests for production in the Reo Actions.  ECF Doc. 140.  The order

warned Lindstedt that failure to comply could result in the imposition of sanctions under Fed. R.

Civ. P. 37.  *Id.* at 2.

## II.     The Instant Motion

On October 2, 2023, Plaintiffs filed the instant motions for sanctions.  ECF Doc. 155.

Plaintiffs attached Lindstedt's responses to the discovery requests in case nos. 1:19-cv-2589,

1:19-cv-2785, and 1:19-cv-2615.  ECF Docs. 155-1, 155-2, 155-3.  Plaintiffs generally argue

that: (i) Lindstedt failed to file responses in case no. 1:19-cv-2103; (ii) Lindstedt's filings were

otherwise non-responsive; (iii) the responses contained outrageous and abusive language; and

(iv) Lindstedt failed to provide a single document in response to the requests for production.

ECF. Doc. 155 at 1-6.

Plaintiffs request the following sanctions against Lindstedt: (i) the entry of default

judgment against Lindstedt on the issue of liability, which would leave only the issue of damages

pending; (ii) the dismissal of all counterclaims asserted by Lindstedt; (iii) that Plaintiffs' factual allegations be deemed to have been established as true; and (iv) that Lindstedt should be barred from offering or introducing any evidence contrary to Plaintiffs' claims.  *Id.* at 6-7, 9-12. Plaintiffs note that default judgment as a sanction is an extreme measure, but they argue that it is warranted in this instance because: (i) such a sanction has been upheld by the Sixth Circuit in similar circumstances; (ii) lesser sanctions would be meaningless given Lindstedt's actions through the history of these cases; and (iii) that granting lesser sanctions would essentially amount to a quasi-default judgment.  *Id.* at 12-14.

On November 7, 2023, Lindstedt filed a response in opposition to Plaintiffs' motion for sanctions, wherein he generally argues that he complied with the discovery requests to the best of his ability and sanctions would be unwarranted in this action.  *See* ECF Doc. 156.  The same day, Plaintiffs filed a reply in support of their motion for sanctions that: (i) notes Lindstedt's response filing was late-filed and contains absurd and scandalous material; (ii) argues Lindstedt's current conduct demonstrates why he should be sanctioned; and (iii) reiterates their request for default judgment as to liability.  *See* ECF Doc. 158

## III.    Law and Analysis

Lindstedt's *pro se* status does not exempt him from his obligation to comply with the Federal Rules of Civil Procedure or orders of the court.  *In re Family Resorts of America, Inc.*, 1992 U.S. App. LEXIS 18400 at *8 (6th Cir. July 24, 1992) ("We have noted, however, that mere *pro se* status will not excuse a failure to respond properly to discovery requests.") (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990)); *Fields v. Cnty. of Lapeer*, 2000 U.S. App. LEXIS 29182 at *5 (6th Cir. Nov. 8, 2000) (quoting *Bradenburg v.*

4

*Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding

pro se, to follow the federal rules of procedure.")).

The Federal Rules of Civil Procedure authorize federal courts to impose sanctions when a

party fails to obey an order of the court or fails to cooperate with discovery.  Fed. R. Civ. P.

16(f)(1)(C); Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d)(1)(A)(ii).  A non-exhaustive list of

possible sanctions includes: (i) directing that the matters embraced in the order or other

designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses,

or from introducing designated matters in evidence; and (iii) entering default judgment against

the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii), (vi).  Default judgment is a sanction of

last resort, the appropriateness of which is determined by reference to four factors:

1) whether the disobedient party acted in willful bad faith;

2) whether the opposing party suffered prejudice;

3) whether the court warned the disobedient party that failure to cooperate could
   result in default judgment; and

4) whether less drastic sanctions were imposed or considered.

*KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020).

The Reo Actions have had a complicated and contentious history.  Although some of the

four factors might favor the entry of default judgment, the undersigned recommends against the

imposition of such an extreme sanction at this time.  First, although ECF Doc. 140 warned

Lindstedt that failure to comply with the motion to compel could result in Rule 37 sanctions, it

did not explicitly warn him that a failure might specifically result in default judgment.  ECF

Doc. 140 at 3.  Second, the fourth factor seemingly weighs against default judgment.  The fourth

factor concerns "'. . . whether less drastic sanctions were first imposed or considered' before the

harsh sanction of dismissal or default [was] imposed." *Peltz v. Moretti*, 292 F. App'x 475, 480 (6th Cir. 2008) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).  After remand, the court has yet to impose discovery sanctions against Lindstedt.  Additionally, the prior by-rule admissions arising from Lindstedt's failure to respond to requests for admissions were reversed by the Sixth Circuit, thereby erasing the previous imposition of similar sanctions in the Reo Actions.

Finally, in light of the Sixth Circuit's previous reversal and remand of the initial judgments rendered in the Reo Actions – because the actions were improperly resolved on procedural grounds – it would appear prudent to impose lesser sanctions and allow this matter to proceed to trial.  The Sixth Circuit has stated that "the sanction of dismissal is appropriate only if . . . no alternative sanction would protect the integrity of the pretrial process." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001).  Accordingly, it is recommended that the Court consider the imposition of lesser sanctions, such as preclusion of evidence or arguments on specific points that Lindstedt has indicated he cannot prove or refused to provide production, which would adequately protect the pretrial process and cure any prejudice Plaintiffs suffered through Lindstedt's failure to comply with production.

As an alternative to the imposition of lesser sanctions now, because of the contentious nature of the parties' relationships, I recommend that the Court conduct a final pretrial conference on the record one or two days prior to trial, in which the court would utilize the full scope of its authority under Rule 16(e), Fed. R. Civ. P., to limit issues to be tried; and its authority under Rule 16(c)(2)(C) to obtain "admissions and stipulations about facts and documents to avoid unnecessary proof, and [to rule] in advance on the admissibility of evidence."

6

## IV.    Recommendations

I recommend that the Court: (i) DENY IN PART the motion for sanctions (ECF Doc. 155), as to Plaintiffs' request for default judgment; and (ii) GRANT IN PART the motion for sanctions, to the extent that the Court should consider imposing lesser sanctions under Rule 37, Federal Rules of Civil Procedure.  In the alternative to the latter recommendation, I recommend that an on the record final pretrial conference be conducted one or two days prior to trial to address issues within the scope of the Court's authority under Rule 16, Federal Rules of Civil Procedure.

Dated: November 14, 2023

Thomas M. Parker
United States Magistrate Judge

---

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary

to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).