**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:19-CV-02103-SO |
| Plaintiff | Hon. Solomon Oliver, Jr. |
| v. | Mag. Reuben J. Sheperd |
| **MARTIN LINDSTEDT,** | Opposition to Defendant's Proposal |
| | [ALL CASES] |
| Defendant | |


**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff and Counsel*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*


**OPPOSITION TO DEFENDANT'S**
**PROPOSAL FOR TELEPHONIC PRE-TRIAL**

NOW COMES Bryan Anthony Reo ("Plaintiff") in 1:19-cv-2589, 1:19-cv-2103, and Counsel for Plaintiffs Stefani Rossi Reo in 1:19-cv-2786 and Anthony Domenic Reo in 1:19-cv-2615, and hereby propounds upon Martin Lindstedt ("Defendant") and this Honorable Court Plaintiffs' Opposition to Defendant's Proposal for Telephonic Pre-Trial.

For the reasons that follow, the Court should stick to its original trial order which requires all parties and counsel to attend in person at court in Cleveland, and reject Defendant's proposal to have telephonic participation.

The trial order states, among other things, that the final pre-trial conference will be held on September, 12, 2024 at 10:30 am in Courtroom 19A. "Pursuant to Local Rule 16.3(e), parties and lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pleadings, scheduling matters and settlement. Counsel are to have conferred with their clients, and with each other, regarding their settlement posture no later than two (2) business days before the final pretrial conference."

The trial order was entered on 8/13/2024 and sent to Defendant by USPS that same day. Defendant Lindstedt waited until 8/24/2024 to send a motion to excuse his personal appearance and make the conference a telephone conference, a Saturday when he knew his post office was closed and the envelope wouldn't go out until 8/26/2024. Does Defendant honestly expect this Court to believe that it took 11 days from the date the order was dispatched from Cleveland, to reach Defendant in Missouri?

He then decided to follow up electronically by emailing the Court on 9/6/2024 just before the close of court for the business day [and weekend]. This from a Defendant who had no problem filing non-emergency filings via the court's emergency email filing address over the last four years.

In short, Defendant's dilatory behavior in this matter is one more instance of his working to cause maximum confusion and inconvenience. If Defendant had electronic filing privileges this matter could have been addressed two weeks or three weeks ago [prior to Plaintiffs planning their schedules around an in-person conference, prior to Anthony Domenic Reo requesting and receiving a personal day off from his job]. Defendant initially requested ECF privileges but it was

denied due to his obvious abuse of filings via abusive and voluminous physical filings prior to his request, "Further the court declines to grant Defendant electronic filing privileges." ECF No. 19 PageID #197. If Defendant had behaved himself at the onset and throughout this litigation, he would have ECF privileges, he would receive electronic notice of filings, and he would be able to file electronically. Even without ECF privileges, Defendant can still log into Pacer, and view from the query main page for the case (for free) the line "**Date of last filing:"** every 3-5 days and if the date reveals a new filing, he can access the docket (paying the $0.10 per page fee) and then access and download the filing.

It is Defendant's own fault that he lacks an ECF account and it is Defendant's own fault that he declines or otherwise fails to use Pacer to stay promptly apprised of the filings and happenings in this case. It is likewise Defendant's own fault that he has never updated the Court with his actual mailing address, having his mail sent to an address he doesn't reside at, having to go there every 5-8 days [by his own admission] to retrieve his mail, causing delays in his opening his mail. It is likewise Defendant's own fault he elected to send time sensitive material to the Court via the use of regular mail as opposed to Fedex or UPS 2-3 day delivery which would have cost a nominal $10.00 to $15.00 dollars and would be reasonable in light of the time sensitive nature and supposed importance of the request. Defendant essentially complains about problems that are entirely of his own making.

As of 9/6/2024 there are 169 numbered docket entries on the docket for this consolidated case. To put it mildly, the pleadings are numerous and significantly complicated. Discussions of the pleadings will not be aided by a telephone conference. There are a substantial number of

complex matters that need to be addressed, most of which will be difficult to address over the phone.

As of 8/28/2024, Plaintiff Anthony Domenic Reo has requested and been granted all of 9/12/2024 off through the use of personal time off, from his employer. Anthony Reo had already taken an entire day off of work in anticipation of attending this pre-trial conference and participating (in good faith) in what will hopefully be earnest and sincere attempts by all concerned in pursuing a possible resolution by settlement.[1]

On 12/17/2019 in the original case of 1:19-cv-2103, Mr. Lindstedt proved to be fairly difficult in the telephonic Case Management Conference held by this Court before Judge Oliver, wherein Mr. Lindstedt rambled, mumbled, went off on numerous tangents, had trouble focusing, and wanted to try to argue the underlying merits of claims and counter-claims during a scheduling conference.

On 5/15/2020 in case 1:19-cv-2589, Mr. Lindstedt proved to be extremely difficult on the telephonic Case Management Conference held by Magistrate Parker, wherein Mr. Lindstedt rambled, mumbled, and ranted about conspiracies for approximately 40 minutes.

On 4/5/2022 in 1:21-cv-0189, Mr. Lindstedt proved to be extremely difficult telephonic Case Management Conference held by Judge Brennan, wherein Mr. Lindstedt made remarks about the race and religion of several magistrates, rambled, and spent a significant amount of time

[1] The Court may wish to note that Defendant Lindstedt, by his own earlier admissions, is not gainfully employed anywhere, as such Mr. Lindstedt will not be subjected to having to miss work.

sidetracking onto irrelevant tangents while trying to argue about the underlying merits of claims and counter-claims at a scheduling conference.

Part of the Trial Order requires a position on settlement posture. Around July 11, 2024 Plaintiff Bryan Anthony Reo's attorney in the South Dakota matter, contacted Plaintiff to advise Plaintiff that another South Dakota attorney had contacted him on behalf of Michael Lindstedt (brother to Martin Lindstedt) to explore the possibility of a global settlement and resolution of all claims in all courts/jurisdictions. Plaintiff Bryan Anthony has put an extensive amount of time, effort, and thought, into preparing a detailed proposal, with authority from the participating plaintiffs in this case, which would resolve all Reo v Lindstedt cases whether in Ohio or South Dakota or anywhere, but the proposal has a lot of moving parts and it will be difficult if not impossible to explain or discuss with Martin Lindstedt on a phone call.

The complexity of the matter is simple to explain, Bryan Anthony Reo holds an unsatisfied judgment from Lake County Court of Common Pleas, there are five pending cases in the United States District Court for the Northern District of Ohio (4 consolidated into this case, 1 from 2021 that was stayed), along with 1 more case recently filed in Lake County Court of Common Pleas, and various cases pending in South Dakota (where Mr. Lindstedt has been adjudicated a vexatious litigator by the State Supreme Court of South Dakota), and finally Plaintiff holds a sanctions judgment against Martin Lindstedt in Missouri. Plaintiffs have a proposed resolution that would resolve all claims, counter-claims, cases, judgments, and liens involving the Reos and Martin Lindstedt, but the detailed nature of what would have to be described and (and written down and articulated on the record) cannot be properly handled by phone. If a viable settlement is agreed to,

Plaintiffs want it done on the record in short order, indeed the very same hour, so that it can be enforced if necessary. Plaintiffs do not want an ambiguous "general agreement in principle" by phone that isn't sufficiently precise and detailed to be upheld and enforced.

Furthermore, Martin Lindstedt often gets so wildly off-track on phone calls it is a fruitless endeavor to try to explain anything to him on the phone because he talks over people, rambles, mumbles, and always has at least one technology problem, glitch, or a bad/weak signal.

Additionally, Martin Lindstedt brags that he records all phone calls (while admitting he posts them in various places and uses them for various purposes), and the Plaintiffs in this case [Bryan Reo among them] are not willing to have candid settlement discussions that might be subjected to being recorded for later abusive use or misuse by Martin Lindstedt. Plaintiffs will engage in good-faith and candid settlement discussions with Martin Lindstedt in person in Courtroom 19A on September 12, 2024, but they will not have such discussions with Martin Lindstedt by phone. Plaintiffs will talk and discuss matters with Martin Lindstedt in person and for their part will remain civil and cordial. Plaintiffs will not remain on a telephone call with Mr. Lindstedt if he elects to heap racial and sexual abuse at them or uses lewd, vulgar, or threatening language. If there is to be a meaningfully productive settlement discussion, along with stipulations about evidence, exhibits, and trial procedure, the conversation should be conducted in person and supervised by the Court[2].

---

[2] Settlement discussions guided by the Court may be fruitful. Plaintiffs are not expecting too much from Defendant, but Plaintiffs are cautiously optimistic that the Court may be able to guide Defendant to at least participate in a meaningful and reasonable manner if the parties are split into separate rooms at the Court. On the phone, nothing of any productive value is likely to happen with regards to the Defendant.

In regards to evidence and exhibits, there are significant evidentiary issues, motions in limine to be discussed, the outstanding matter of the specific type of Fed. R. Civ. P. 37 sanctions that the Court was advised by Magistrate Parker should be applied against Martin Lindstedt in the Report and Recommendation dated 11/14/2023 (ECF No. 160) which recommended that

> As an alternative to the imposition of lesser sanctions now, because of the contentious nature of the parties' relationships, I recommend that the Court conduct a final pretrial conference on the record one or two days prior to trial, in which the court would utilize the full scope of its authority under Rule 16(e), Fed. R. Civ. P., to limit issues to be tried; and its authority under Rule 16(c)(2)(C) to obtain "admissions and stipulations about facts and documents to avoid unnecessary proof, and [to rule] in advance on the admissibility of evidence.
>
> ECF 160 at PageID 1690.

Plaintiffs wish the Court to note that even in light of the "contentious nature of the parties' relationships" as correctly noted and observed by Magistrate Judge Parker, Plaintiffs have prepared a well-thought out, fair, reasonable, thorough, multiple page settlement proposal for Martin Lindstedt which if accepted would resolve every single Reo v. Lindstedt case, or if substantially accepted would likely lead to further negotiations and a rapid resolution achieving the same ultimate termination of all Reo v. Lindstedt cases. Plaintiffs are ready and willing to participate in settlement discussions in good faith and have already attempted to do so.

It should be obvious from Lindstedt's filing ECF No. 168 that he does not take this matter with the appropriate level of seriousness given that he spent almost 10 pages ranting with racial slurs and insults instead of simply articulating a request for relief. Defendant Lindstedt could have had a "motion for telephone conference" prepared and sent the exact same day he received the Trial Order, if he had kept his filing concise and to one page. There was no need for an

approximately 10-page rant of racial slurs and attempting to argue substantive merits, but Defendant Lindstedt apparently felt the need to spend however long it took to piece together that long-winded rant. Defendant's motion could have been timely before this Court, instead of coming in at the eleventh hour when party opponents and Counsel have already made plans, requested time off, and built their schedules around attending an in-person conference to spend the time necessary to resolve outstanding evidentiary issues, sanctions matters, and other crucial pre-trial issues that need to be resolved and squared away to streamline the upcoming trial(s). Defendant Lindstedt has contrived to cause a last minute "emergency" due to his dilatory foot-dragging and waiting until days before the pre-trial is set to proceed. If Defendant requires a continuance of the pre-trial to facilitate travel and arrive in person, that is a matter that can be discussed, but the pre-trial should be in-person for numerous reasons of logistics and practicality. There is also the issue of coordinating trial schedule for four separate trials.

Seeing as how joinder of disparate plaintiffs whose claims arose through separate transactions, occurrences, and facts, is not proper for a trial and provides significant risk of reversal (regardless of which party is appellant), Counsel's first priority at the pre-trial conference will be to obtain severance of the consolidated cases for separate trials, for reasons of joinder as well as evidentiary reasons and admissibility of evidence reasons, and the simple logistics that, attorney arguments are not evidence and it will be extremely difficult to instruct a jury, "when Bryan Reo is speaking as plaintiff for himself, it can be considered evidence, but when he speaks as counsel for a client, it is attorney argument." It would be prejudicial to the plaintiffs to be forced together as co-plaintiffs when their claims arose at different periods of time throughout 2018 and 2019 and the only common thread they share is a surname, the same defendant, and the category/class of

tort being defamation, the transactions, occurrences, and specific facts are all separate, and the pursuit of severance of the cases for separate trials, and the coordinating to pick four separate trial dates, is of key importance to the plaintiffs. It will be logistically difficult for plaintiffs to be on their phones to participate in a conference while also having to use their phone calendars to check available dates. Given the matters to be addressed at the conference, it makes the most sense to do this in person, on the record, because no matter how these cases turn out, it is essentially a given that the Sixth Circuit will be reviewing everything. Plaintiffs want to make sure everything is procedurally right and a good record is preserved, Plaintiffs want to do this right, be done with it, and move on, they don't want to be back here in 12-18 months having to do this again.

Finally, Counsel wishes the Court to note that he received a communication on March 26, 2024 from William "Bill" DeClue, an individual Mr. Lindstedt previously had a friendship and working relationship with, although it appears the two have had a falling out of sorts. Mr. DeClue contacted Counsel via social media, unprompted by Counsel, and stated, "I guess you don't know this but Marty is said to have like 100 grand stashed in the wall at the trailer he lives in. I learned this from his brother who I have been in contact with, in fact I have spoken to pretty much his entire family through this medium, I am not willing to testify, I am just giving you a heads up. There is little chance they will talk to you. They are Ozark hillbillies who see you as a Yankee carpetbagger while I still have kin in the eastern part of the Ozarks."

There are serious doubts as to whether Defendant Lindstedt is broke to the point of destitution and being unable to come to this conference. By his own admission Defendant Lindstedt has multiple vehicles, he lives rent free in a trailer his sister provides, he has numerous

firearms, and he has numerous other items of movable property he could sell. He also brags to locals that he has $100,000 in cash in his trailer.

The motion for telephone conference for the final pre-trial should be denied and the conference should proceed in person. Defendant complains about a lack of ability to travel to Ohio but he had no trouble traveling to Ohio two or three times throughout 2019-2020 for his state court appeals in the Lake County Common Pleas matter. If Defendant wishes to stop being ordered to appear in Ohio he can simply stop committing intentional torts against people domiciled inside of Ohio.

Defendant should not be rewarded for his endless misconduct, vulgarity, slurs, insults, threats, obfuscation, evasion, obstruction, non-participation in discovery, misrepresentations to the Courts about the Rule 26f conferences and reports of parties' meetings, his delays, and repetitive vexatious filings, by being granted relief he is requesting at the eleventh hour, six days before a pre-trial conference the schedule of which was set on 8/13/2024. The seriousness of this matter should be stressed and Defendant should be required to appear in person, at Court, to participate in the final pre-trial conference, including the possibility of resolution by settlement.

Respectfully submitted,

**REO LAW, LLC**
/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff and Counsel*

Dated: September 7, 2024

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRYAN ANTHONY REO,**

Plaintiff

v.

**MARTIN LINDSTEDT,**

Defendant

Case No. 1:19-CV-02103-SO

Hon. Solomon Oliver, Jr.

Mag. Reuben J. Sheperd

**REO LAW, LLC**
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff and Counsel*

**MARTIN LINDSTEDT**
338 Rabbit Track Road
Granby, MO 64844
(T): (417) 472-6901
(E): pastorlindstedt@gmail.com
*Pro se Defendant*

**CERTIFICATE OF SERVICE**

I, Bryan Anthony Reo, affirm that I am a party to the above-captioned civil action, and on September 7, 2024, I served a true and accurate copy the foregoing document upon Martin Lindstedt, 338 Rabbit Track Road, Granby, MO 64844, by placing the same in a First Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail located in City of Mentor, Lake County, State of Ohio.

/s/ Bryan Anthony Reo
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(T): (440) 313-5893
(E): reo@reolaw.org
*Pro se Plaintiff and Counsel*

Dated: September 7, 2024