UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, *Pro Se*, | ) | Case No.: 1:19 CV 2103; |
| | ) | 1:19 CV 2589 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| MARTIN LINDSTEDT, *Pro Se*, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned cases is *Pro Se* Plaintiff Bryan Anthony Reo's ("Plaintiff") Motion for Award of Prejudgment Interest (ECF No. 234). For the following reasons the court denies the Motion.

**I. BACKGROUND**

On November 8, 2024, the court, consistent with the jury verdict returned on the same day, entered a judgment in favor of Plaintiff Bryan Anthony Reo and against Defendant Martin Lindstedt ("Defendant"), in the total amount of $870,000.00. (Judgment Entry, ECF No. 230.) The amount consisted of $520,000.00 in presumed and compensatory damages for Plaintiff's Defamation Per Se and Invasion of Privacy-False Light claims, and $350,000.00 in punitive damages. (*Id.*) The six-day jury trial and judgment entry concluded a protracted legal dispute between Plaintiff and Defendant, that began as four separate actions spanning five years and involving claims asserted by Plaintiff as

well as his father and ex-wife. The four actions were consolidated after the Sixth Circuit vacated each district court's original judgment and remanded them for consideration on the merits. *See Reo v. Lindstedt*, No. 21-3633, 2022 WL 17492099 (6th Cir. Dec. 8, 2022). Shortly before trial, the three original Plaintiffs moved to sever the cases for separate trials. (ECF No. 182.) The court denied the motion (ECF No. 196), after which Plaintiff's father and ex-wife, voluntarily dismissed their actions with prejudice (ECF No. 218), and Defendant dismissed his counterclaim in those actions with prejudice (ECF No. 219). When trial began on November 1, 2024, the only remaining actions were two between Plaintiff and Defendant.

On November 10, 2024, Plaintiff filed the instant Motion for Prejudgment Interest. Plaintiff then filed a Motion for Hearing or Ruling on Prejudgment Interest on January 31, 2025. Defendant did not file an opposition to either Motion. The court denied Plaintiff's Motion for Hearing or Ruling on July 22, 2025 (ECF No. 241), concluding that the instant case record was extensive enough for the court to decide the prejudgment interest issue based on affidavits, depositions, and other documents alone. However, the court allowed the parties to submit additional evidence pertaining to prejudgment interest for the court's consideration by August 8, 2025. Plaintiff filed an affidavit in support of prejudgment interest on August 3, 2025 (ECF No. 242). Defendant did not file an opposition to the instant Motion or any other documents related to Plaintiff's request. Accordingly, the Motion is ripe for review.

## II. LAW AND ANALYSIS

Under Ohio law, "[p]rejudgment interest is available in a civil action based on tortious conduct 'in which the court has rendered a judgment, decree, or order for the payment of money,' if the court determines that 'the party required to pay the money failed to make a good faith effort

to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.'" *Corbin v. Steak n Shake, Inc.*, No. 2:17-CV-1043, 2020 WL 1899124, at *8 (S.D. Ohio Apr. 17, 2020) (quoting Ohio Revised Code § 1343.03(C)(1)). Thus, whether to award prejudgment interest in tort cases "is addressed to the discretion of the district court." *Stallworth v. City of Cleveland*, 893 F.2d 830, 835 (6th Cir. 1990) (quoting *Molton v. City of Cleveland*, 839 F.2d 240 (6th Cir.1988)). A party has made a good faith effort to settle the case if he has, "(1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party." *Corbin*, 2020 WL 1899124, at *8 (quoting *Kalain v. Smith*, 495 N.E.2d 572, 574 (Ohio 1986).

Plaintiff argues he is entitled to prejudgment interest because 1) he made numerous good-faith attempts to settle the case before trial, 2) Defendant did not cooperate with discovery proceedings despite court orders, 3) Defendant failed to rationally evaluate his risks and potential liability, 4) Defendant's conduct delayed the proceedings, and 5) Defendant never made any good-faith settlement offers or respond in good-faith to Plaintiff's. (Mot. at PageID 2316–17.) While the court agrees that Defendant's conduct throughout the consolidated cases was unprofessional and contributed to the litigation spanning five years, Plaintiff is hardly blameless. As this court explained in its June 14, 2021 Order denying Plaintiff prejudgment interest after it granted Plaintiff summary judgment against Defendant—a judgment that was later vacated by the Sixth Circuit—Plaintiff also failed to fully cooperate in the discovery proceedings, and both parties litigated this case in ways that were inefficient, ineffective, and unnecessarily combative. *Reo v. Lindstedt*, No. 1:19 CV 2103, 2021 WL 2416900, at *3 (N.D. Ohio June 14, 2021). Plaintiff securing a jury verdict this time does not

wipe the record clean. *See Galmish v. Cicchini*, 734 N.E.2d 782, 794 (Ohio 2000) (explaining that the trial court is not limited to the evidence presented in support of prejudgment interest, and that "[t]he court may also review the evidence presented at trial, as well as its prior rulings and jury instructions[...]").

Examining the record as a whole, the court declines to award Plaintiff prejudgment interest. As mentioned previously, Plaintiff and Defendant have a storied litigation history. Both parties filed dozens of motions, with nearly all containing personal attacks and name-calling. Despite claiming he made good faith efforts to settle the case, the only specific evidence Plaintiff offers is copies of four settlement offers he made to Defendant via email, three of which occurred before the Sixth Circuit's remand and case consolidation. (*See* Pl.'s Exs. 1–4 at PageID 2322–2334; Pl. Aff. at PageID 2361, ECF No. 242.) Just as the court was unpersuaded by Plaintiff's single settlement email to Defendant in 2021, the court is unpersuaded by Plaintiff's single settlement offer to Defendant in 2024.

Additionally, Plaintiff fails to raise any specific discovery disputes to the court's attention demonstrating his own good faith efforts, or Defendant's lack thereof. While the four original judgments in Plaintiff's favor were based on Defendant's failure to timely respond to Plaintiff's requests for admission, the Sixth Circuit aptly noted in its order vacating the decisions that, "one could infer that the plaintiffs used their requests for admissions less as a discovery device than as a shortcut to obtaining the judgments they obtained here." *Reo*, 2022 WL 17492099, at *1. Simply asserting that Defendant refused to meaningfully participate in the discovery process is not enough to support the award of prejudgment interest. *See Corbin*, 2020 WL 1899124, at *8 (finding that plaintiff's broad assertions of defendant failing to cooperate in discovery lacked support and thus did

not justify the grant of prejudgment interest). Consequently, the court finds that Plaintiff has not demonstrated good faith in either the settlement or discovery process.

### III. CONCLUSION

For the foregoing reasons, the court declines to award Plaintiff prejudgment interest. Both parties contributed to the amount of time it took to resolve these cases, and it would be unreasonable to award Plaintiff additional monetary relief simply because his conduct was sometimes less combative. Accordingly, the court denies Plaintiff's Motion (ECF No. 241).

IT IS SO ORDERED

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

August 27, 2025